Wilfredo GONZALES *v.* STATE of Arkansas

CR 90-152                                              798 S.W.2d 101

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*La Jeana Jones*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

OTIS H. TURNER, Justice. The appellant, Wilfredo Gonzales, was convicted of two counts of delivery of a controlled substance (cocaine) and sentenced to life imprisonment and a $25,000 fine on each charge. On appeal he contends that the trial

court committed reversible error in denying his pretrial motion for a continuance and in refusing to exclude testimony revealing the confiscation of a gun and $710 in cash at the time of the arrest.

The manner in which this case was handled gives us a great deal of concern, and, based upon the totality of the circumstances, we are convinced that we must reverse and remand for retrial.

The appellant, a Latin American who speaks little English, resided in an apartment house in DeQueen, along with a number of other Latins. On December 27, 1988, an undercover police officer and a confidential informant allegedly purchased two "dime caps" of cocaine from the appellant. The next day, the officer returned to the apartment complex and again allegedly purchased five more packets of cocaine from the appellant.

On August 21, 1989, some eight months following the alleged buy, the appellant was arrested and charged. The appellant and several other defendants involved in similar activities were arraigned on August 31, 1989.

It is important to note at this point that attorneys Mickey Buchanan and Tom Cooper were at the time partners in the practice of law. On the day of the appellant's arraignment, Buchanan was present and informed the court that two of the defendants, who were being arraigned, were going to retain him as counsel. The court then appointed Cooper, the public defender, who was not present in court, to represent the other defendants (one of whom was apparently Gonzales). However, the docket sheet on Gonzales reflects that Buchanan was listed as the attorney of record for the appellant.

Two of the counts against the appellant were set for trial on December 1, 1989. On November 30, 1989, the day before the scheduled trial, public defender Cooper, on the appellant's behalf, appeared before the court seeking a continuance, alleging that there was a misunderstanding regarding which person was to be the attorney for the appellant. Cooper stated that the first notice he received of the trial setting was that very day — November 30. It appears that two of the counts against the appellant were set for December 1, 1989, and the other five counts were set for January 17, 1990; Buchannan, the attorney of record as reflected by the docket sheet, had been so notified.

The appellant's attorney, moving for the continuance, also advised the court that the interpreter furnished was not satisfactory and that he had therefore been unable to communicate with his newly discovered client. After assuring attorney Cooper that a satisfactory interpreter would be provided immediately, the court inquired concerning other grounds for continuance; counsel replied that the circumstances might possibly prejudice the appellant or "cause the defense problems." After then determining that Cooper represented a number of other defendants similarly charged with selling cocaine from the same apartment house under similar circumstances, the court engaged in the following exchange with the attorneys:

> THE COURT: Was there any of the others that you've done any work on, since you're appointed on five of them, that you would be more willing to try?

> MR. COOPER: I could try this one just as well as any of them.

> THE COURT: Well, I know you've done work on these others as a group, anyway. Is the undercover man the same?

> PROSECUTOR: Yes, sir, it is the same story. We could try them all tomorrow.

Noting that the evidence was basically the same in the entire group of cases, the court observed "I don't see how you'd be prejudiced as long as we can get you an interpreter," and then inquired, "Don't you agree you can transfer what you did on these other cases on this?" Cooper replied, "I can try, Judge." The motion for continuance was then denied, and the appellant was put to trial the following day.

██ The denial of a motion for continuance is within the discretion of the trial court, and its ruling will be reversed only for an abuse of discretion. *Rodriquez* v. *State*, 299 Ark. 421, 773 S.W.2d 821 (1989). The appellant bears the burden of showing that the trial court's denial of a continuance was an abuse of discretion, and, in order to show abuse of discretion, the appellant must show that he was prejudiced. *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988).

Here, the appellant moved for a continuance, citing the lack of time for trial preparation in that the public defender, through no fault of his own or that of the appellant, did not know that he was to defend the appellant, and that the case was set for trial the day following counsel's discovery of his appointment. This lack of preparation time was further compounded by the language barrier existing between the appellant and his appointed counsel and the difficulty in obtaining a competent interpreter in a timely manner.

■■ Where the lack of preparation time for counsel is a primary basis for requesting a continuance, this court considers the totality of the circumstances. *Swaim* v. *State*, 257 Ark. 166, 514 S.W.2d 706 (1974). The circumstances existing here require a finding that the trial court abused its discretion in refusing to grant the requested continuance.

■ It is unnecessary to reach the appellant's second issue; because, however, the question of the admissibility of the money taken from the appellant at the time of the arrest may again be at issue on retrial, we dispose of the matter now. *See Bowden* v. *State*, 297 Ark. 160, 761 S.W.2d 148 (1988). The alleged offenses occurred on December 27, 1988, and the appellant was arrested and the money confiscated on August 31 of the following year. The possession of the money is too remote in time to be of any probative value in relation to the activities of the appellant eight months earlier. The money is therefore not admissible as evidence.

Reversed and remanded.