Lamar Boris DAVIS *v.* STATE of Arkansas

CR 94-641                                       885 S.W.2d 292

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*Norman Mark Klappenbach*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from a conviction for armed robbery. There are nine points for reversal. We affirm the judgment of conviction.

On January 20, 1994, two men entered a convenience store in Prattsville. One pointed a gun at the cashier as the other walked behind her and held a knife to her throat as he took money from the cash drawer. She was told to lie on the floor and the men began to bind her with duct tape. They fled to a waiting car when another vehicle stopped for gas.

The clerk was able to obtain the license number and a description of the car and notified the Grant County Sheriff's Office. Lamar Davis, appellant, and two other men were apprehended shortly thereafter in a car matching the description and license number given by the clerk. A hand gun, a lockblade knife, a kitchen knife and cash were found in the car.

Appellant was arrested and charged with aggravated robbery and was tried by a jury on February 28, 1994. He was found guilty and sentenced to life imprisonment. He appeals from that conviction.

First, appellant argues the trial court erred in denying his motion for a continuance. He points to the fact he was first notified on February 18 that the trial would be held on February 28 and therefore he had only a week-and-a-half to prepare for trial. He submits the state did not respond to discovery until February 17 giving him only ten days to review those materials.

The record reveals appellant was arrested on January 20, 1994, appeared before the court on January 24, and at that time told the court he was going to retain his own attorney. The trial court appointed an attorney in case appellant was not successful and a week later, when appellant had not yet retained counsel, the court appointed his present attorney to represent him. Therefore the attorney was aware of his appointment to defend appellant approximately four weeks before trial.

■ Appellant moved for a continuance on February 22 and again on the day of trial but the motions were denied. In order to have a continuance granted appellant must make a showing of good cause. A.R.Cr.P. 27.3. Additionally appellant must show prejudice from the denial of the continuance. *Gonzales* v. *State,* 303 Ark. 537, 798 S.W.2d 101 (1990). When a motion for continuance is based on a lack of time to prepare, we will consider the totality of the circumstances. *Id.* The burden of showing prejudice is on appellant and we will not overturn the trial court's ruling unless appellant has demonstrated an abuse of that discretion. *King* v. *State*, 324 Ark. 205, 862 S.W.2d 229 (1993). A lack of diligence alone is sufficient cause to deny a continuance. *Walls* v. *State*, 280 Ark. 291, 658 S.W.2d 362 (1983).

■ While appellant has argued generally that he lacked time to prepare for trial, the only specific he has given is that he did not receive the discovery materials until ten days before trial. Even so, appellant has not shown how he was prejudiced. As we stated in *Brandon* v. *State*, 283 Ark. 478, 678 S.W.2d 341 (1984), appellant has failed to show "what the attorney failed to do that could have been done, or what he did that he would not have done, if he had been afforded more time." Appellant's argument on this point is at best conclusory and lacks the essential demonstration of prejudice. The trial court's comment is pertinent:

> I would assume that this is not a complicated discovery and is not something that would require a lot of expertise, etc., therefore that is the basis for the court's ruling.

Appellant made no response to the court's observation and moved on to his next point.

Second, appellant argues the trial court erred in not suppressing his photo identification. Appellant points out that three of the six participants in the photo lineup were suspects in the robbery. He contends that since the three suspects were all captured in the same vehicle shortly after the robbery, identification of any one of these suspects would have implicated and prejudiced the other two suspects. We find no merit in this contention.

■ When a photo identification is followed by an eyewitness identification at trial, the conviction is set aside only if the photo identification was so suggestive as to create a sub-

stantial possibility of misidentification. *Matthews* v. *State* 313 Ark. 327, 854 S.W.2d 339 (1993). A trial court's ruling on the admissibility of an identification is not reversed unless it is clearly erroneous. *Chism* v. *State*, 312 Ark. 559, 570, 853 S.W.2d 255 (1993).

Here, the photo identification took place six days after the crime occurred. Melissa Price, the victim, was able to identify Davis, with no difficulty, as the man who had a gun pointed to her head, both in the photo lineup and at trial. Price testified that during the robbery, she was watching Davis with the gun and he told her, "Quit looking at me." Secondly, the witness, Barry Cooper, was also able to quickly identify Davis, both in the photo lineup and in the courtroom.

Appellant also argues neither he nor his attorney were notified that the lineup was being conducted. No authority for this argument is cited, but we assume *United States* v. *Wade*, 449 U.S. 431 (1981), is invoked. However, there was no objection on this basis in the trial court and the point now argued on appeal is waived.

Third, appellant contends the trial court erred in failing to suppress the statement he gave to police. He admitted his participation in the robbery and that he held the gun. On appeal he argues the state failed to prove the statement had been made, or that it was voluntarily and intelligently made.

At the suppression hearing Officer Haley who had taken appellant's statement, testified to the circumstances of the statement. His testimony was sufficient to support a finding the statement was made, that it was voluntary, and that the state had met its burden of proof. *See Brawley* v. *State*, 306 Ark. 609, 816 S.W.2d 598 (1991). The appellant also testified, but that testimony was in conflict with that given by Officer Haley.

The credibility of witnesses who testify at a suppression hearing concerning circumstances surrounding the appellant's in-custody confession is for the trial judge to determine and we defer to the superior position of the trial court in matters of credibility. *Weger* v. *State*, 315 Ark. 555, 869 S.W.2d 688 (1994).

■ Fourth, appellant assigns error to the trial court allowing the sheriff, Danny Ford, to testify at trial when his name was not on the witness list as required by A.R.Cr.P. 17.1. When the state called Ford to testify, appellant objected, but did not claim surprise or prejudice. The state pointed out to the trial court that the defense had been given a copy of Ford's statement and was on notice that he was a potential witness. In an identical situation in *Brooks* v. *State*, 308 Ark. 660, 827 S.W.2d 119 (1992), we found no prejudice and affirmed on that basis.

■ Fifth, appellant argues that during redirect of Sheriff Ford, the state attempted to elicit testimony in an area that was not subject to the original direct or cross-examination. We decline to address this point because of deficient abstracting. We cannot determine the objection made or the nature of testimony challenged. The burden is on the appellant to demonstrate error and it is fundamental that the record on appeal is confined to that which is abstracted. *Lee* v. *State*, 297 Ark. 421, 762 S.W.2d 790 (1989).

■ Sixth, appellant alleges error in allowing the state to recall the victim to the witness stand after having excused her. After being recalled, her testimony included the identification of a photograph showing a knife shaped welt on her neck which appellant claims was inflammatory. However, we find no objection to the photo on this basis in the abstract and the point is not subject to review. *Harris* v. *State*, 315 Ark. 398, 868 S.W.2d 58 (1993).

■ As to recalling the witness, the matter is specifically addressed in Ark. Code Ann. § 16-43-703 (1987). The statute permits recall "with leave of court," and that decision will not be reversed absent an abuse of discretion. *Holmes* v. *State*, 257 Ark. 871, 520 S.W.2d 715 (1975). Appellant has not demonstrated how he was prejudiced by recalling the witness.

Next appellant argues the trial court erred in allowing a demonstration of how the knife and gun were held on the victim. During the state's direct examination of the victim, the state asked her to show the jury how the edge of the knife was put to her throat and how the gun was pointed at her head. Appellant objected on the grounds that the demonstration was prejudicial.

The admission of evidence is within the discretion of the trial court, and appellant has failed to show an abuse of discretion on this point. *See Jarrett* v. *State*, 310 Ark. 358, 833 S.W.2d 779 (1992). The law permits a reenactment, provided it is substantially similar to the original event, *Loy* v. *State*, 310 Ark. 33, 832 S.W.2d 499 (1992).

Eighth, appellant argues the trial court erred in denying his motion for a directed verdict. He urges that because we should find his confession, the photo lineup, and Sheriff Ford's testimony inadmissible, we must find that without them the evidence is insufficient and a directed verdict was mandated.

The argument misconstrues our review of the denial of a directed verdict motion: We consider the sufficiency question before we consider any trial errors and it is only if the evidence is insufficient, *including* the errors, that we will reverse. *See Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984). The evidence before the jury in this case was easily sufficient to support the denial of the directed verdict motion. Appellant admitted his participation in the robbery, admitted he was the one with the gun, and the victim firmly identified appellant as a participant. The directed verdict motion was properly denied.

Finally, appellant argues the trial court erred in refusing to set aside the jury's sentence of life imprisonment. He argues the sentence should shock the conscience of the court and is unduly harsh, as appellant is not a "hardened criminal," this being his first conviction. The abstract only states that appellant requested the court to set the sentence aside but no grounds are stated, and the nature of the objection is not apparent from the context. Therefore the objection is not sufficiently abstracted for review. *See Lee* v. *State, supra*. There is nothing in the record to support appellant's claim that this was his first conviction. We find no error in the trial court's refusal to set aside the sentence.

The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and the objections have all been abstracted and certified by the state. There are no other rulings adverse to the appellant which constituted prejudicial error.

Affirmed.