Pearl ANTHONY *v.* STATE of Arkansas

CR 98–1471                    2 S.W.3d 780

Supreme Court of Arkansas
Opinion delivered October 21, 1999

*Marsha Basinger*, for appellant.

*Mark Pryor*, Att'y Gen., by: *James R. Gowen, Jr.*, Asst. Att'y Gen., for appellee.

Toм Glaze, Justice. Appellant Pearl Anthony was previously before us in *Anthony v. State*, 332 Ark. 595, 967 S.W.2d 552 (1998), wherein she appealed from convictions of two counts of delivery of cocaine. She was sentenced to thirty years on each count, to be served consecutively. On appeal, we held the trial court had erred in allowing the State to introduce certain rebuttal testimony, and reversed and remanded the case. On remand and retrial of the drug counts, Anthony was again found guilty of both counts, but this time she received sentences of seventeen years on each count, to be served consecutively. Anthony brings this second appeal, raising one point for reversal - whether the trial court erred in denying Anthony's motion for continuance. We hold the trial court's ruling was correct, and, therefore, affirm.

On remand, Anthony's appointed counsel was allowed to withdraw as attorney of record, and the deputy public defender, Marsha Basinger, was appointed at a pretrial hearing on July 15, 1994, to represent Anthony. Trial was set for August 10, 1998 - twenty-six days from the date of Basinger's appointment. While Basinger entertained the idea of moving for a continuance immediately after her appointment, Anthony disagreed. Anthony also refused to give Basinger the names and addresses of potential witnesses. In her efforts to prepare for trial, Basinger sought a copy of the transcript of the first trial, but Anthony's original counsel apparently misplaced his copy, and Basinger claims she determined the prosecuting attorney had checked out the only copy the court clerk had in his office. Basinger obtained a copy of the record two days prior to the Monday, August 10 trial. On Sunday, August 9, 1999, Anthony approved Basinger's suggestion to pursue a continuance, which Basinger attempted to do on the day of trial prior to jury selection. Basinger apprised the trial judge that Anthony had just authorized her to seek a continuance, that Basinger still had not obtained the names of any witnesses from Anthony, that Basinger had only recently received a copy of the transcript of Anthony's first

trial, and that she simply had insufficient time to prepare for trial. The prosecuting attorney countered, stating the State was ready for trial and if Basinger had thought she needed more time for preparation, she could have done so earlier since she was not required to obtain Anthony's permission to move for a continuance. The prosecutor also disputed that a copy of the first trial's transcript was not available earlier than Basinger claimed.

After hearing counsel's argument, the trial judge denied Anthony's request for continuance, and the parties proceeded to trial. The case was tried on August 10th and 11th, with the State calling seven witnesses and Anthony one. As previously mentioned, the jury returned a verdict finding Anthony guilty.

In reviewing the case, the law is well established that the granting or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Dirickson v. State*, 329 Ark. 572, 953 S.W.2d 55 (1997). When deciding whether a continuance should be granted, the following factors are to be considered by the trial court: (1) The diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. *Id.; see also Turner v. State*, 326 Ark. 115, 931 S.W.2d 86 (1996). Additionally, the appellant must show prejudice from the denial of the continuance, and when a motion for continuance is based on a lack of time to prepare, we will consider the totality of the circumstances; the burden of showing prejudice is on the appellant. *Davis v. State*, 318 Ark. 212, 885 S.W.2d 292 (1994). Finally, the court has also held that a lack of diligence alone is sufficient cause to deny a continuance. *Id.*

Here, Anthony simply waited until the last minute to apprise the trial court that she needed more time to prepare for trial. As already mentioned, she failed to cooperate with her counsel in seeking a continuance, and, by counsel's argument, failed to offer names of any witnesses. In addition, while Anthony's counsel complains that she was unable to obtain a transcript of Anthony's first trial until two days prior to the second trial, counsel

fails to relate when she commenced looking for the transcript. The prosecutor, in fact, took issue with defense counsel's assertion that the transcript was unavailable. Consistent with the State's view, there is nothing in the record now before us that reflects that the prosecutor withheld or refused Anthony a copy of the earlier trial record. In sum, Anthony's lack of diligence alone is sufficient to affirm the trial court's denial of her request for continuance.

Anthony also fails to show that she was prejudiced by the trial court's ruling. She neither filed an affidavit nor argued how her case would have been different. Instead, Anthony offered only conclusory statements that counsel needed more time to "go over" the first trial, to probe deeper into the realm of witnesses, and to talk more with Anthony about a plea she refused to consider. Although Anthony eventually obtained the names of the State's witnesses and their testimonies given at the first trial, defense counsel did not particularize any testimony she believed needed further investigating for impeachment purposes. Anthony simply failed to specify, other than in general terms, what her defense counsel had failed to do that could have been done or what counsel did that she would not have done, if she had been afforded more time. *Davis*, 918 Ark. at 216, 885 S.W.2d at 294. Because she failed to do so, the trial court did not abuse its discretion in denying Anthony's motion.

We must address Anthony's strong reliance on *Gonzales v. State*, 303 Ark. 537, 798 S.W.2d 101 (1990), where this court reversed the trial court's denial of the defendant's motion for continuance for lack of preparation time. There, defense counsel learned only the day before trial that he had been appointed to represent Gonzales, and he immediately requested a continuance, informing the trial court that Gonzales was a Latin American who spoke little English. Gonzales's counsel was also confronted with the difficulty in obtaining a competent interpreter in a timely fashion so counsel could even speak with Gonzales in order to prepare for the next day's trial. In short, in contrast to Anthony's situation, Gonzales's counsel not only acted diligently when seeking a postponement, he also showed that he had been prejudiced because of Gonzales's inability to speak with and to assist counsel in preparation for trial.

Although not cited or argued, we also distinguish our more recent case of *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192

(1998), where, in a capital murder case, the court held it was an abuse of discretion to permit Greene's new counsel less than a month to prepare for a resentencing trial. This court stated that this was especially true since defense counsel had requested, but had not received as late as eleven days prior to trial, the record of Greene's pretrial hearings that were conducted prior to counsel's appointment. Nor could Greene's new attorney obtain the trial court's earlier rulings on motions and objections. Significantly, the court held the trial court had committed reversible error by having failed to hold a hearing on Greene's objections to a mental evaluation report filed with the trial court prior to the appointment of Greene's new counsel. Again, although this court has acknowledged that a last minute change in counsel *may* occasion, or require, a continuance in order to give the attorney time to prepare, such new counsel must still act with diligence in seeking a continuance, and demonstrate that the denial of a continuance would prejudice his or her case. *Id.* at 31. In *Greene*, defense counsel, upon his appointment, promptly requested a continuance, and the trial court denied the request.[1] However, Greene's counsel continued to renew his requests for postponement even though he was met with the same denials. In sum, Greene's counsel acted with due diligence and specifically related to the trial court the rulings and record that were unavailing and how their absence, and the trial court's refusal to give Greene time to obtain them, prejudiced Greene's case. Anthony's counsel has not shown such to be the case here.

For the reasons set out above, we uphold the trial court's decision denying Anthony's motion for continuance.

---

[1] The trial court stated Greene's continuance motion would be denied because of the earlier delays caused by his hiring and firing counsel so often.