Bobby R. GREEN *v.* STATE of Arkansas

CR 02-1203                                              118 S.W.3d 563

Supreme Court of Arkansas
Opinion delivered September 25, 2003

*Christopher W. Hays*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

Annabelle Clinton Imber, Justice. In August 2001, Bobby Green and another inmate escaped from prison in Lincoln County, and fled to Desha County, committing a number of felony offenses in each county. He was charged in Desha County with two counts of aggravated robbery and two counts of kidnapping, and

in Lincoln County with eight felonies that arose from his actions there. A week before Mr. Green's trial in Desha County, and after Mr. Green had filed a motion for joinder of all the charges, he was notified that the State was amending its Information to include the Lincoln County charges. Four days before trial, Mr. Green moved for a continuance, which motion was denied. Again on the day of trial, Mr. Green twice moved for a continuance and both motions were denied. The case proceeded to trial and he was convicted of first-degree escape, four counts of aggravated robbery, three counts of theft of property, three counts of kidnapping, and possession of a firearm. Mr. Green was sentenced as a habitual offender to life imprisonment plus 110 years. On appeal, he asserts the trial court abused its discretion in denying his motions for continuance when he was presented with the eight additional Lincoln County charges one week before trial. We affirm.

A chronology of events contained in the record is necessary to understand the circumstances surrounding the motions for continuance and their denials by the trial court. In December 2001, Mr. Green made a discovery request in the Desha County case, and the State responded by providing his counsel with a complete file on all the charges in both counties. This file included witness statements of Lieutenant Ronald Adams and Mr. Greg Gasaway, the victims in the two incidents that led to the Lincoln County charges. On January 16, 2002, the circuit court scheduled a jury trial for March 18, 2002, on the Desha County charges. Two weeks before trial, on March 4, Mr. Green moved for a continuance in Desha County so his counsel could speak with appointed counsel in Lincoln County regarding venue, but the motion for continuance was denied.[1] Later the same day, Mr. Green filed a motion to join all the offenses and requested that they be tried in Lincoln County.

One week later, on March 11, the State notified Mr. Green that the felony information filed in Desha County was being amended to join the eight Lincoln County felonies, thereby rendering Mr. Green's joinder motion moot. On March 14, four days before trial was set to begin, Mr. Green moved for a

---

[1] This denial by the trial court is not challenged on appeal.

continuance, this time stating his counsel had not had time to prepare for the Lincoln County charges. When the trial court asked what preparation was still needed, Mr. Green's counsel said he needed to interview the two Lincoln County victims, Lt. Adams and Mr. Gasaway. The motion was denied because Mr. Green had been given the complete file on all the charges in both counties, including the statements of both Lt. Adams and Mr. Gasaway, so defense counsel should have been familiar with all the charges. Because both Lt. Adams and Mr. Gasaway were local, the trial court directed defense counsel to interview them prior to trial, and stated the motion for continuance would be reconsidered if those interviews brought up anything that would cause either unfair surprise or a change in strategy.

Mr. Green twice renewed his motion the day of trial, March 18, 2002, stating that he had had only four days to prepare a defense for eight additional charges, and citing three reasons he needed a continuance: (1) his defense counsel still needed to interview Lt. Adams and Mr. Gasaway, and had made two unsuccessful attempts to contact Gasaway; (2) after reading the file, defense counsel wanted to talk to three Department of Correction (DOC) officers who had conducted a "shakedown search" of the inmates on the day of the escape, to ascertain whether DOC procedures had been followed; and (3) defense counsel had just been informed that Mr. Green had not disclosed to him information relating to the Lincoln County charges.

The prosecutor argued against the continuance, pointing out that the eight Lincoln County charges arose out of only two incidents, and the defense had been given the complete file on those incidents, including all the witnesses' statements. Regarding Lt. Adams and Mr. Gasaway, the prosecutor stated that both were present at the courthouse and could be interviewed by defense counsel prior to trial, if necessary. As to the DOC officers, the trial court had already excluded as irrelevant any information about DOC procedures, so the prosecutor argued there was no need for the defense to interview the DOC officers about their procedures, especially since the defense had not subpoenaed the DOC officers, had not shown due diligence in any attempt to interview them, and had provided no statement as to how their testimony might be relevant.

The trial court denied the motions for continuance for the following reasons: (1) defense counsel had been given three days to interview Lt. Adams and Mr. Gasaway but had not done so, even though both witnesses were local; (2) the defense previously agreed that the State had furnished Adams's and Gasaway's interview statements and had provided no evidence that their proposed testimony would differ from those statements; (3) there had been disclosure by the State of all witnesses and their intended testimony; and (4) Mr. Green's failure to disclose information to his attorney was not grounds for a continuance because a defendant has an obligation to share information with his attorney and Mr. Green had not disclosed to the court the substance of the withheld information or how it was relevant to the joining of the additional charges.

A trial court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case. Ark. R. Crim. P. 27.3 (2003). The law is well established that the granting or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *See Anthony v. State*, 339 Ark. 20, 2 S.W.3d 780 (1999). When deciding whether a continuance should be granted, the following factors are to be considered by the trial court: (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. *Id.*; *see also Dirickson v. State*, 329 Ark. 572, 953 S.W.2d 55 (1997). Additionally, the appellant must show prejudice from the denial of the continuance, and when a motion for continuance is based on a lack of time to prepare, we will consider the totality of the circumstances; the burden of showing prejudice is on the appellant. *See Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001). Finally, the court has also held that a lack of diligence alone is sufficient cause to deny a continuance. *Id.*

On appeal, Mr. Green asserts that the trial court abused its discretion in denying the motions for continuance, and that the denials prejudiced him because he had only seven days to prepare

for eight additional felony charges, two of which carried a possible life sentence. Because the motions for continuance were premised on a lack of time to prepare, we consider the totality of the circumstances.

■ Mr. Green claims on appeal that he exercised diligence in his attempts to locate and interview Lt. Adams and Mr. Gasaway. We disagree. As the trial court noted, Mr. Green had the opportunity prior to trial to interview these witnesses who were available locally. Also, defense counsel neither subpoenaed the DOC officers nor attempted to interview them, although their names and statements were apparently included in the file that was furnished to him at discovery. Further, Mr. Green's failure to provide his counsel with information is "a prime example of a lack of diligence and, as such is a sufficient basis for denying a motion for continuance." *Ware v. State*, 348 Ark. 181, 75 S.W.3d 165 (2002). This lack of diligence on the part of Mr. Green is alone sufficient cause for the trial court to have denied his motions for continuance.

■ Mr. Green also fails to show how the trial court's rulings prejudiced him. There has been no assertion that the trial testimony of Lt. Adams or Mr. Gasaway differed from their witness statements. As for the DOC officers, Mr. Green offered no reason for his need to interview the correction officers other than ascertaining whether they had followed DOC procedures, and the trial court had already ruled testimony regarding DOC procedures irrelevant and inadmissible, a ruling Mr. Green did not challenge below and has not challenged on appeal. Furthermore, Mr. Green has not made clear which DOC officers he wanted to interview; nor is it clear whether they were among the officers who testified at trial or among those absent because he failed to subpoena them. Finally, it has not been shown that the lack of a continuance kept Mr. Green from being able to present evidence. The record fails to reflect either an affidavit or an oral statement to the court regarding what facts he expected to prove by any of the unidentified witnesses.

For the above stated reasons, we hold that the trial court did not abuse its discretion in denying the motions for continuance. The record has been reviewed for other reversible error, as required by Supreme Court Rule 4-3(h), and none has been found.

Affirmed.

THORNTON, J., not participating.