SLIP OPINION

Cite as 2014 Ark. App. 452

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13-932

TRACY LAND DAVIS

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered September 10, 2014

APPEAL FROM THE UNION COUNTY CIRCUIT COURT
[NO. CR–2011-21-1-2]

HONORABLE HAMILTON H. SINGLETON, JUDGE

AFFIRMED

## JOHN MAUZY PITTMAN, Judge

This is an appeal from an order revoking appellant's suspended imposition of sentence based on a finding that he had violated the terms of his suspension by committing the new offenses of theft and criminal mischief. Appellant's sole argument on appeal is that the trial court erred in denying his motion for a continuance made on the day of the hearing. We affirm.

Appellant was found guilty on May 19, 2011, of possession of a controlled substance. Imposition of sentence was suspended for sixty months subject to various terms, including the condition that appellant refrain from committing any offense punishable by imprisonment. On May 10, 2013, a petition to revoke was filed alleging that appellant violated the conditions of his suspension by committing first-degree criminal mischief and theft of property. The State's theory of the case was that appellant had removed the coil from an air conditioner at Washington Middle School and transported it from the premises

with the intent to sell it for scrap. This theory was supported at the revocation hearing by evidence that an El Dorado police officer apprehended appellant at 2:05 a.m. on April 16, 2013, after observing that appellant was walking while carrying an air-conditioner coil on his head. Appellant was wearing a backpack containing a rachet wrench, wrench sockets of various sizes, a rachet extension, a combination wrench, a variety of pliers, white cotton gloves, pieces of copper tubing, and a toboggan mask. There was also evidence that an air conditioner at Washington Middle School had been damaged and the coil removed. The damage was recent, as evinced by fresh freon at the scene, and the school maintenance worker positively identified the coil that appellant had been carrying as having come from the damaged unit at Washington Middle School. Appellant was apprehended one-quarter to one-half mile from the school. Appellant testified that he found the coil and the tools and was taking them home to sell them for scrap. He also testified that his "auntie" read the paper every morning, and she told him that he could not have committed the crimes with which he was charged because there had been newspaper reports that the air conditioner at the school was damaged during the month prior to his arrest.

A trial court shall grant a motion for continuance only upon a showing of good cause and only for so long as is necessary. *Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007). The grant or denial of a motion for continuance is within the sound discretion of the trial court, and that court's decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *Id*. When deciding whether a continuance should be granted, the following factors are to be considered by the trial court: (1) the diligence of the movant; (2)

the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true. *Anthony v. State*, 339 Ark. 20, 2 S.W.3d 780 (1999). When a motion is based on a lack of time to prepare, we will consider the totality of the circumstances; prejudice from denial of the continuance must be shown, and the burden of showing prejudice is on the appellant. *Id*.

Here, appellant's attorney did not request the continuance until appellant's case was called on the day of the revocation hearing. The purpose of the requested continuance was to investigate appellant's report that his aunt had read that the school air conditioner had been reported as damaged days or weeks before appellant was arrested while carrying the air–conditioner coil down the street on his head in the middle of the night. However, no affidavit was filed, appellant's attorney does not assert that the crime alluded to by appellant's aunt had in fact occurred, and appellant does not argue how the result of his case would have differed had the continuance been allowed. *See id*. Under these circumstances, the trial court did not abuse its discretion in denying appellant's motion.

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.