Cite as 2025 Ark. App. 510

# ARKANSAS COURT OF APPEALS
## DIVISION IV
#### No. CR-25-49

| | | |
|---|---|---|
| | | **Opinion Delivered** October 29, 2025 |
| MICHAEL TODD CLARK | | |
| | APPELLANT | APPEAL FROM THE PIKE COUNTY CIRCUIT COURT |
| V. | | [NO.55CR-24-27] |
| STATE OF ARKANSAS | | HONORABLE TOM COOPER, JUDGE |
| | APPELLEE | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**CASEY R. TUCKER, Judge**

Michael Todd Clark appeals the Pike County Circuit Court's sentencing order finding him guilty of delivering methamphetamine and imposing a seventeen-year sentence. Pursuant to Arkansas Supreme Court Rule 4-3(b) (2023) and *Anders v. California*, 386 U.S. 738 (1967), Clark's counsel has filed a motion to withdraw and no-merit brief stating that there are no meritorious grounds to support an appeal. The clerk of this court mailed a certified copy of counsel's motion and brief to Clark informing him of his right to file pro se points for reversal; however, he did not file any pro se points. We find counsel's brief in compliance with the directives of *Anders* and Rule 4-3(b)(1) and that there are no issues of arguable merit to support an appeal. Accordingly, we affirm the conviction and grant counsel's motion to withdraw.

## I. *Pretrial*

On January 26, 2024, Clark was charged with one count of delivering amphetamine under Arkansas Code Annotated section 5-64-422(b)(3) (Supp. 2023). At a pretrial hearing held on June 3, Clark complained about his attorney as follows:

> Can we get [my public defender] to explain any of this? I've got 50, 60, 70 papers here and I don't know what the first page of any of this is. He acts like he don't care about, you know, my freedom. But, I mean, I need to see, I need, if I can't get him to act like he cares about, you know, they offered me 20 to 160 years. He said if I take it to trial I'm going to get 160 years.

In response to that comment, Clark's counsel stated, "Your honor, I didn't. . ." The court then told Clark, "At any point, except at trial I will let you hire your own attorney." Clark then replied that he could not afford to hire his own attorney.

At a pretrial hearing on August 12, Clark asked for a continuance so that he could engage an attorney. The court denied the continuance request because the oral motion was too late—the trial was set for August 22.[1] The court informed Clark that he could hire an attorney before the trial, but the case had been going on long enough, and there had been ample time to hire a separate attorney.

## II. *Trial*

Officer Greg Harper, the director of the Ninth West Drug Task Force, testified first. He arranged for a confidential informant ("CI") named Tony Pipkins to buy drugs from Clark. At Harper's direction, Pipkins contacted Clark and arranged to buy a half ounce of

---

[1]The trial ended up being continued to October 31 for other reasons.

methamphetamine. The State played a video of the transaction at trial and introduced screenshots from the video. The video showed Pipkins giving Clark money in exchange for a Ziploc bag with a substance inside. Harper said he took the bag, placed it in an envelope, and secured it in the evidence room.

CI Pipkins testified that he got money from Harper and set up a meeting with Clark. Pipkins gave Clark money in exchange for a bag containing methamphetamine. Before becoming an informant, Pipkins had been arrested for possession of methamphetamine and was serving time in the Arkansas Division of Correction at the time of Clark's trial.

Chance Reid testified that in December 2023, he was working for the Drug Task Force. Reid delivered the Ziploc bag Pipkins obtained from Clark containing the substance to the state crime lab where Jacob Kordesmeier, a forensic chemist, tested the substance. Kordsmeier confirmed the tests showed the substance was methamphetamine and dimethyl sulfone. The weight was just under 14 grams.

Once the State rested, Clark moved for a directed verdict on the ground that "the State has not met its burden establishing beyond a reasonable doubt that [Clark] is guilty and no further evidence is sufficient enough to bring it back to the jury for them to consider the case . . . ." The circuit court denied Clark's motion.

After Clark announced he would not call any witnesses, he renewed his motion for directed verdict "based on the fact that the State has not introduced sufficient evidence which for the jury to find beyond a reasonable doubt my client was guilty." The court denied that motion, too. The jury returned a guilty verdict for delivery of methamphetamine of at

least 10 grams. During the sentencing phase of the trial, Harper testified about three other instances in which he arranged for a CI to buy methamphetamine from Clark, and as a result, he obtained a warrant to search Clark's residence; during the search, police found more methamphetamine.[2] After deliberating for fifteen minutes, the jury returned with a sentence of seventeen years in the Arkansas Division of Correction.

On November 4, 2024, the circuit court entered a sentencing order reflecting Clark was found guilty of delivering between 10 and 200 grams of methamphetamine, and he was sentenced to seventeen years in prison. Clark filed a timely notice of appeal on November 24, and this no–merit appeal is before us.

### III. *No-Merit Brief*

Rule 4-3(b)(1) provides that a no-merit brief shall contain an argument section that consists of a list of all rulings adverse to the appellant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the appellant made by the circuit court and the page number where each adverse ruling is located in the appellate record.

---

[2] On December 1, 2023, Clark sold Pipkins 6.3020 grams of methamphetamine and dimethyl sulfone; on December 5, Clark sold Pipkins 14.3 grams of methamphetamine; and on December 18, Clark sold 13.9309 grams of methamphetamine to a CI. On December 27, Harper executed a search warrant of Clark's home where a set of digital scales and bags of methamphetamine weighing 27.7546 grams were found next to a Bible that was inscribed with Clark's name.

Clark's counsel has briefed the court on five adverse rulings in the case. We did not find any adverse rulings not identified by Clark's counsel.

## A. Rulings

### 1. *Denial of directed verdicts*

A challenge to the denial of a motion for directed verdict is a challenge to the sufficiency of the evidence. Ark. R. Crim. P. 33.1(c). To preserve a sufficiency argument, a motion for directed verdict "must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." *Id.*; *see also Perry v. State*, 2014 Ark. 535, at 3–4, 453 S.W.3d 650, 653 (holding that a nonspecific motion for directed verdict does not preserve sufficiency arguments for appeal). Here, Clark's motion for a directed verdict was vague and nonspecific, arguing only that the State had failed to meet its burden. The renewed motion after Clark rested was the same. Vague and nonspecific arguments like Clark's do not preserve a sufficiency argument for appeal. *Id.*

### 2. *Illegal sentence*

Clark was convicted of delivering more than 10 but less than 200 grams of methamphetamine, a Class Y felony under Arkansas Code Annotated section 5-64-422(b)(3). Arkansas Code Annotated section 5-4-401(a)(1) (Repl. 2013) establishes a sentencing range for a Class Y felony of at least ten years but not more than forty years, or life. The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *Jackson v. State*, 2018 Ark. 209, 549 S.W.3d 346. This court has defined an illegal

5

sentence as one that the circuit court lacked the authority to impose, even if on its face the sentence is within the statutory range. *Cantrell v. State*, 2009 Ark. 456, 343 S.W.3d 591. The seventeen-year sentence Clark received falls well within that maximum range, and Clark did not allege that his sentence fell outside the range.

### 3. *Order granting State's request for Clark to disclose the nature of his defenses and relevant witnesses*

Arkansas Rule of Criminal Procedure 18.3 provides: "Subject to constitutional limitations, the prosecuting attorney shall, upon request, be informed as soon as practicable before trial of the nature of any defense which defense counsel intends to use at trial and the names and addresses of persons whom defense counsel intends to call as witnesses in support thereof." By asking the circuit court to direct Clark to disclose the nature of his defenses and his relevant witnesses, the State was simply acting within the authority granted by Rule 18.3. The record does not show that Clark ever produced the ordered information or offered any defense. Further, even if the court had erred in ordering Clark to produce the information, Clark would have to show prejudice. *Furlow v. State*, 2023 Ark. App. 192, at 14, 664 S.W.3d 457, 466. Clark cannot show prejudice since he did not comply with producing his witnesses or the nature of his defense. Even if the State had been asking for information it was not entitled to, Clark did not object; accordingly, he failed to preserve this issue for appeal. *Atwood v. State*, 2020 Ark. 283, at 24.

### 4. *Denial of Clark's motion for continuance*

A circuit court has discretion whether to deny a request for continuance, and this court will not reverse absent a clear abuse of that discretion. *Segerstrom v. State*, 2024 Ark. 130, at 8, 696 S.W.3d 799, 804. A defendant must show that he had good cause for a continuance and that he was prejudiced by the denial. *Id.*, 696 S.W.3d at 804. A lack of diligence in asking for a continuance is reason alone to deny the request. *Green v. State*, 354 Ark. 210, 214, 118 S.W.3d 563, 566 (2003).

Here, Clark was arrested on January 24, 2024. He did not ask for a continuance until August 12, 2024, which is over six months from the date of his arrest and only ten days before the scheduled trial. He requested a continuance to hire a new attorney. While he had complained about his attorney during the June 17 pretrial conference and said he wanted to hire his own attorney, he stated he could not afford to hire his own attorney. When he asked for a continuance on August 24 to hire an attorney, he did not explain why he had failed to hire a new attorney during the prior two-month period or how his circumstances had changed so he could now afford one. The circuit court told Clark that he had had more than enough time to hire his own attorney and that he still had the right to hire one in the ten days before trial. Lack of diligence is reason enough to deny a request for continuance. *Green*, 354 Ark. at 214, 118 S.W.3d at 566. Also, after his request for a continuance, the trial was rescheduled until October 31, and Clark had not retained private counsel. The circuit court did not abuse its discretion by denying the motion for continuance.

## 5. *New counsel*

Clark's no-merit brief discusses whether Clark was denied new counsel. First, Clark complained about his counsel during the June 12 pretrial conference stating, "[I]f I can't get him to act like he cares about, you know, they offered me 20 to 160 years. He said if I take it to trial I'm going to get 160 years." His counsel denied giving Clark this advice. The court responded to his comment by stating that "[a]t any point, except at trial I will let you hire your own attorney." Clark replied that he could not afford to hire his own attorney. Clark never expressed that he wanted new counsel appointed. Clark failed to obtain a ruling, and this issue was not preserved for appeal. *Fletcher v. State*, 2018 Ark. 261, at 7, 555 S.W.3d 858, 862.

The only other time the issue was raised was when he requested a continuance to *hire* counsel. He had from June 12 until October 31 to hire new counsel and failed to do so. He obtained a ruling on the denial of the motion for continuance when the court told him he had plenty of time to obtain counsel. There was no "adverse ruling" to appeal regarding the issue of whether new counsel should have been appointed. Ark. Sup. Ct. R. 4-3(b)(1).

Having carefully examined the record and the no-merit brief, we hold that Clark's counsel has complied with the requirements for a no-merit brief and that the appeal is wholly without merit. We affirm Clark's conviction and grant counsel's motion to withdraw as counsel.

Affirmed; motion to withdraw granted.

ABRAMSON and VIRDEN, JJ., agree.

8

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

One brief only.