Randy WILSON v. STATE of Arkansas

CR 94-1239                                    895 S.W.2d 524

Supreme Court of Arkansas
Opinion delivered March 27, 1995

*Dave Wisdom Harrod*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Randy Wilson appeals three judgments of conviction for delivery of a controlled substance (marijuana). He was sentenced to 45 years imprisonment as a habitual offender with four or more prior felonies and fined $9,000. His grounds on appeal are that the trial court erred in failing to grant him a continuance of his trial and further failed to run his sentences concurrently. His appeal is meritless, and we affirm.

Wilson's three charges stemmed from the delivery of marijuana to a confidential informant, Bobby Jenkins, on three occasions. The first two occasions occurred on May 11, 1993, and the third occurred on May 22, 1993. Wilson's defense centered

on his contention that he was simply selling marijuana back to Jenkins, who had previously sold the same marijuana to him. He urged that Jenkins was the real drug dealer and that Jenkins sold drugs to minors. Wilson further contended that he was only a marijuana user and that this was by necessity because he suffered from spina bifida and was in constant pain.

On the day of the trial — April 25, 1994 — Wilson moved for a continuance in order to produce four witnesses who he had anticipated would appear at trial voluntarily and testify about Bobby Jenkins's alleged drug dealing: Tim Swank, Mark Green, Chris Stacy, and Chris Stacy's wife. He also stated that he needed to subpoena certain minors who had either purchased drugs from Bobby Jenkins or witnessed his selling drugs. This was the fourth continuance request by Wilson. He had moved for a continuance on December 16, 1993, to enable him to hire an attorney which was granted. He had then subsequently moved for continuances in February and March 1994, which were also granted. The trial court denied the motion and issued forthwith subpoenas for Tim Swank, Mark Green, and Chris Stacy. Two of those witnesses — Tim Swank and Mark Green — testified for Wilson at trial. Wilson and his fiance, Rhonda Coggins, age 17, also testified and stated that Jenkins had sold marijuana to minors.

The jury returned guilty verdicts on the three charges and sentenced Wilson to 15 years and a fine of $3,000 on each charge. Wilson moved that the sentences run concurrently. The trial court cited Wilson's four previous felony convictions and a previous suspended sentence for delivery of controlled substances as reasons militating against concurrent sentences and ran his sentences consecutively for a total prison sentence of 45 years and fines of $9,000.

On appeal, Wilson first asserts error in the trial court's refusal to grant a continuance and urges that the testimony of the missing witnesses would have had a favorable impact for him on the outcome of the case. It is well settled that a motion for a continuance is addressed to the sound discretion of the trial court, and a decision will not be reversed absent an abuse of discretion amounting to a denial of justice. *King* v. *State*, 314 Ark. 205, 862 S.W.2d 229 (1993); *Gonzales* v. *State*, 303 Ark. 537, 798 S.W.2d 101 (1990); *Butler* v. *State*, 303 Ark. 380, 797 S.W.2d 435

(1990). The appellant bears the burden of proving that the trial court's denial of a continuance was an abuse of discretion, and that burden entails a showing of prejudice. *Dansby* v. *State*, 319 Ark. 506, 893 S.W.2d 331 (1995); *Davis* v. *State*, 318 Ark. 212, 885 S.W.2d 212 (1994); *King* v. *State, supra; Rodriguez* v. *State*, 299 Ark. 421, 773 S.W.2d 821 (1989).

■ Motions for continuances are governed in part by Arkansas Rule of Criminal Procedure 27.3 which provides:

> The court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case.

We have denoted several factors to be considered by a trial court in deciding a continuance motion:

> (1) the diligence of the movant, (2) the probable effect of the testimony at trial, (3) the likelihood of procuring the attendance of the witness in the event of a postponement, and (4) the filing of an affidavit, stating not only what facts the witness would prove, but also that the appellant believes them to be true.

*Cloird* v. *State*, 314 Ark. 296, 862 S.W.2d 211 (1993); *French* v. *State*, 271 Ark. 445, 609 S.W.2d 42 (1980).

■ We question the diligence of Wilson in failing to subpoena his witnesses and in failing to move for a continuance until the day of the trial. But, in addition, the filing of an affidavit by the movant is required under Ark. Code Ann. § 16-63-402(a) (1987). The first sentence of that subsection states:

> (a) A motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it.

We have consistently interpreted § 16-63-402(a) as mandating an affidavit to justify a continuance due to a missing witness when the State objects to the continuance. *Dansby* v. *State, supra; Cloird* v. *State, supra; King* v. *State, supra.* We have further held

that the denial of a continuance when the motion is not in substantial compliance with § 16-63-402(a) is not an abuse of the trial court's discretion. *Marshall* v. *State*, 316 Ark. 753, 875 S.W.2d 814 (1994); *Cloird* v. *State, supra.* Here, the State objected to the continuance in this case, and Wilson filed no affidavit or verified motion in support of his motion.

Moreover, Wilson failed to prove that he was prejudiced by the trial court's refusal to grant a continuance. All the information that he sought to elicit from the absent witnesses was introduced at trial. Green's and Swink's testimony informed the jury that Bobby Jenkins had sold drugs, and Green testified that he had seen Jenkins sell marijuana to Wilson. That Jenkins sold drugs is also the point that Wilson hoped the absent witness, Chris Stacy, would make. Wilson and Coggins both testified that Jenkins had sold drugs to minors. This, too, is the information that Wilson sought to bring to the jury's attention from the absent minor witnesses. In sum, there has been no showing of prejudice by the trial court's denial of the continuance. This absence of prejudice, coupled with the failure to file an affidavit and our perceived lack of diligence on Wilson's part in preparing for trial are all reasons which sustain the trial court's decision.

Wilson's second point on appeal is that the trial court erred in finding his sentences should run consecutively rather than concurrently. It is within the province of the trial court to determine whether sentences should proceed consecutively or concurrently, and the decision is left to the sound discretion of the trial court. *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Patton* v. *State*, 281 Ark. 36, 660 S.W.2d 939 (1983); *Hinton* v. *State*, 260 Ark. 42, 537 S.W.2d 800 (1976). The exercise of that discretion will not be altered on appeal unless it is clearly shown to have been abused. *Brown* v. *State, supra.*

In the present case, the trial court cited Wilson's four previous felony convictions and his failure to avoid a continuation of drug trafficking after a prior probated sentence for the same offense. These reasons for the court's decision on the appropriate sentence to levy are eminently reasonable, and we find no basis for a conclusion that the trial court abused its discretion on this point.

Affirmed.