

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–16–715

BARRY ANDRUSZCZAK
                    APPELLANT

V.

STATE OF ARKANSAS
                    APPELLEE

**Opinion Delivered:** March 29, 2017

APPEAL FROM THE LITTLE RIVER COUNTY CIRCUIT COURT
[NO. CR-14-77]

HONORABLE TOM COOPER, JUDGE

AFFIRMED

## RAYMOND R. ABRAMSON, Judge

Barry Paul Andruszczak appeals his convictions in the Little River County Circuit Court of residential burglary and theft of property. On appeal, Andruszczak argues that the circuit court erred in granting the State's motion for a continuance. We disagree and affirm.

On June 25, 2014, the State charged Andruszczak with residential burglary and theft of property. The probable-cause affidavit reported that on May 9, 2014, Elston and Donna Green's house had been burglarized and over $40,000 worth of items had been stolen, including Donna's class ring from Hope High School. The affidavit further reported that Andruszczak had been arrested in Lake Providence, Louisiana, in possession of the class ring. The circuit court set trial for March 21, 2016.

On the day of trial, the State filed a motion to depose a witness pursuant to Arkansas Code Annotated section 14-22-201 (Repl. 2013). The State alleged that it had discovered

a material witness, Curtis Baham, in Louisiana, but Baham could not travel to Little River County for the trial due to his health. The State asked the court to enter an order allowing it to take a deposition of Baham to present at trial.

The court also held a hearing on March 21, 2016. At the hearing, the State asked the court to continue the trial and to enter an order approving its request to depose Baham. The State explained that on March 18, 2016, while preparing for trial, it learned that Baham had discovered Andruszczak burglarizing his home in Lake Providence, Louisiana, with the same crowbar used to burglarize the Greens' home. The State noted that Louisiana police had recovered two crowbars: the crowbar at Baham's residence and another crowbar in Andruszczak's car. Prior to March 18, the State believed the crowbar found in Andruszczak's car had been the crowbar used to enter the Greens' home; however, on March 18, it learned that the crowbar found at Baham's home was the crowbar used at the Greens' house. The State explained that it contacted Baham and that he was willing to testify, but he is eighty years old and suffers from a medical condition that prevented him from traveling to Arkansas. The State informed the court that it could depose Baham on March 23.

Andruszczak objected to the State's request. He asserted that Baham's deposition testimony was inadmissible under Arkansas Rules of Evidence 404(b) and 403. He also argued that a continuance would violate Andruszczak's rights under the Sixth and Fourteenth Amendments to the United States Constitution as well as his rights under article two, section ten of the Arkansas Constitution. He asserted that the State had failed to act diligently in securing Baham as a witness, pointing out that the State filed the criminal information on June 25, 2014, and that he had been arraigned on September 2, 2014. The

court disagreed and granted the State's request for a continuance and to depose Baham. The court noted that the State "ha[d] shown proof of unavailability and due diligence." On March 23, 2016, the court entered a written order granting the State's request to depose Baham on that date in Louisiana.

Thereafter, on April 26, 2016, the court held a jury trial. Columbus Willis, an investigator from East Carroll Parish, Louisiana, testified that he responded to a burglary at Baham's home on May 20, 2014, and found a bag containing a gold crowbar in the house. He further testified that a neighbor had provided him with the license-plate number of a vehicle that had been parked in Baham's driveway during the burglary and that officers located Andruszczak in the car shortly thereafter. He stated that they had searched the car and discovered a class ring from Hope High School and a second crowbar. The ring was identified as Donna Green's ring. The State played the video deposition of Baham in which he testified that he had discovered a man burglarizing his home on May 20, 2014, and that the man had abandoned a bag containing a crowbar when he fled.[1]

Chantelle Taylor, a criminalist with the Arkansas State Crime Laboratory, testified that the Greens' door frame had fragments of gold paint and that the fragments were consistent with the gold paint on the crowbar. She also testified that the crowbar had fragments of three layers of paint that matched three of layers of paint on the Greens' door frame. Deborah Pumphrey, a firearm and tool-mark examiner with the Arkansas State Crime Laboratory, testified that tool marks on the Greens' door frame matched the gold crowbar found at Baham's residence.

---

[1]Andruszczak's counsel attended the deposition and cross-examined Baham.

SLIP OPINION

The jury convicted Andruszczak of residential burglary and theft of property. Andruszczak was sentenced to twenty years in the Arkansas Department of Correction on each charge to run consecutively. Andruszczak timely appealed his conviction to this court. On appeal, he argues that the circuit court erred in granting the State's request for a continuance.

It is within the circuit court's discretion to grant or deny a motion for continuance, and the appellate courts of Arkansas will not reverse the circuit court's decision absent a clear abuse of discretion. *See Haskins v. State*, 2013 Ark. App. 613. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). An abuse of discretion requires the appellant to make a showing that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Hill v. State*, 2015 Ark. App. 587, 473 S.W.3d 556. An appellant must also demonstrate that, as a result of the ruling on the motion for a continuance, he suffered prejudice that amounts to a denial of justice. *Id.*

Rule 27.3 of the Arkansas Rules of Criminal Procedure (2016) provides that a circuit court shall grant a continuance only upon a showing of good cause and shall take into account the request or consent of the prosecuting attorney or defense counsel, as well as the public interest in the prompt disposition of the case. Arkansas Code Annotated section 16–63–402(a) (Repl. 2005) states that

> [a] motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it.

In deciding whether to grant or deny a motion for a continuance to secure the presence of a witness, the circuit court should consider (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the affiant believes them to be true. *Hudson v. State*, 2014 Ark. App. 253.

On appeal, Andruszczak asserts that none of the four factors weigh in favor of granting the continuance. Specifically, he argues that the State did not act diligently, did not establish the materiality of Baham's testimony, did not prove a likelihood of procuring Baham for trial, and did not file an affidavit. However, at the hearing on the continuance, Andruszczak asserted only that the State failed to act diligently. Our law is well established that arguments not raised at trial will not be addressed for the first time on appeal, and that parties cannot change the grounds for an objection on appeal, but are bound on appeal by the scope and nature of the objections and arguments presented at trial. *Hutcherson v. State*, 74 Ark. App. 72, 47 S.W.3d 267 (2001). "Issues raised for the first time on appeal . . . will not be considered because the circuit court never had an opportunity to make a ruling." *Johnson v. State*, 2009 Ark. 460, at 9, 344 S.W.3d 74, 80 (per curiam) (citing *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005)). Because Andruszczak argued only that the State failed to act diligently, we address only that argument on appeal. *See Dotson v. State*, 2011 Ark. App. 731 (declining to address the appellant's argument that the State failed to file an

affidavit pursuant to Arkansas Code Annotated section 16-63-402(a) because the appellant did not raise the issue to the circuit court).[2]

We find Andruszczak's diligence argument unconvincing. The State learned of the second crowbar found at Baham's residence the Friday before filing its motion on Monday. Further, the State had scheduled Baham's deposition and asked only for a two-day continuance. Given these circumstances, we are not persuaded that the circuit court abused its discretion in granting the State's request for a continuance.

Moreover, Andruszczak has failed to prove that he was prejudiced by the continuance. Investigator Willis testified that he found the crowbar in Baham's home following a burglary and that officers stopped Andruszczak in the car that had been parked outside Baham's home during the burglary. Further, the testimony of the witnesses from the Arkansas State Crime Laboratory connected the crowbar found at Baham's house to the Greens' doorway. Thus, even without Baham's testimony, the link between the crowbar, Andruszczak, and the Greens' home was established.

Affirmed.

KLAPPENBACH and VAUGHT, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

---

[2]In his brief, Andruszczak asserts that he was not required to object to the lack of an affidavit to the circuit court pursuant to *Wilson v. State*, 320 Ark. 142, 895 S.W.2d 524 (1995). His reliance on *Wilson* is misplaced. In *Wilson*, our supreme court held that the circuit court did not abuse its discretion in denying the appellant's motion for a continuance where he failed to provide an affidavit and where the court questioned his diligence. *Id*. The court did not discuss preservation. *Id*.