
# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-16-857

| | |
|---|---|
| BILLY JOE DAVIS **APPELLANT** | **Opinion Delivered:** October 4, 2017 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CR-14-410] |
| STATE OF ARKANSAS **APPELLEE** | HONORABLE JODI RAINES DENNIS, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

A Jefferson County jury convicted Billy Joe Davis of aggravated robbery, first-degree battery, and theft of property. He appeals his convictions, arguing that the circuit court (1) abused its discretion by denying his request to continue the trial to procure a witness and (2) erred by permitting the State to amend the felony charges at trial. We affirm.

On August 14, 2014, the State charged Davis with aggravated robbery, first-degree battery, and theft of property against Calvin Jiles. The charges related to a June 24, 2014 incident in which Davis, Aaron Lovelace, Anphernie Harris, and an unknown fourth individual allegedly followed Jiles home from a fast-food restaurant, shot him, and took his money. The State also charged Lovelace and Harris with crimes related to the incident, but their charges were severed from Davis's case. The court set Davis's trial for February 29, 2016. As of the trial date, the State had not charged the alleged fourth individual.

On the day of trial, Davis's counsel requested a continuance because his witness, Chris McGee, had failed to appear. He asserted that McGee would testify that he was the fourth individual; that Davis drove him, Harris, and Lovelace to Jiles's home to sell drugs, not to rob Jiles; that Davis never exited the vehicle; that Lovelace shot and robbed Jiles; and that Davis did not intend to rob Jiles. Davis's counsel explained that Davis had not remembered McGee's legal name prior to March 2015,[1] but that month, he saw McGee in the Dub Brassell Detention Center in Pine Bluff and obtained his name and birthdate. With this information, Davis's counsel subpoenaed McGee as a witness. Davis's counsel admitted that Davis had spoken with McGee only briefly at the detention center and also acknowledged that he believed McGee may plead the Fifth Amendment rather than testify. Davis's counsel filed an affidavit stating the facts to which he believed McGee would testify at trial.

The State objected to the continuance, and the court denied Davis's request. In making its ruling, the court noted,

> You have no evidence or proof from Mr. McGee that this is what he would testify [to] and that he will not plead the Fifth because, if he does [the State is] going to charge him with aggravated robbery . . . and battery first.

Thereafter, the case proceeded to trial.

Jiles testified that he operates a barbeque-catering business. He stated that on June 24, 2014, he was walking into his home following a trip to Church's Chicken when three males approached him. He explained that two of them appeared to be lookouts, while a third individual shot him three times and demanded money. Jiles gave him cash from his

---

[1]Before that time, Davis knew McGee only by his street name.

pocket along with a check that he had received from a customer, and the men ran away. He identified Davis as one of the lookouts.

During the State's case, the State moved to amend the criminal charges. In the original charges, as to the first-degree-battery charge, the State alleged that Davis, "[w]ith the purpose of causing physical injury to Calvin Jiles, caused physical injury to Calvin Jiles by means of a firearm." At trial, the State asked to amend the first-degree-battery charge to allege that Davis, "acting alone or with one or more other persons, [Davis] commit[ed] or attempt[ed] to commit a felony, and in the course and furtherance of that felony or flight immediately therefrom, [Davis] or [an] accomplice cause[d] serious physical injury to [Jiles] under circumstances manifesting extreme indifference to the value of human life."

Davis objected to the amendment, arguing that it fundamentally changed the nature of the original charge, created an unfair surprise, and was extremely prejudicial to his defense. The court disagreed with Davis and granted the State's request to amend the first-degree battery charge.

Thereafter, the jury convicted Davis of all charges and sentenced him to twenty years' imprisonment for aggravated robbery, ten years' imprisonment for first-degree battery, and six months' imprisonment for misdemeanor theft of property. Davis timely appealed his conviction to this court.

Davis first argues that the circuit court abused its discretion by denying his request for a continuance to secure McGee as a witness. Arkansas Rule of Criminal Procedure 27.3 (2016) provides that a circuit court shall grant a continuance only upon a showing of good cause and shall take into account the request or consent of the prosecuting attorney or

defense counsel, as well as the public interest in the prompt disposition of the case. In deciding whether to grant or deny a motion for a continuance to secure the presence of a witness, the circuit court considers (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the affiant believes them to be true. *H.C. v. State*, 2013 Ark. App. 284.

It is within the circuit court's discretion to grant or deny a motion for continuance, and the appellate courts of Arkansas will not reverse the circuit court's decision absent a clear abuse of discretion. *See Haskins v. State*, 2013 Ark. App. 613. An appellant must also demonstrate that as a result of the ruling on the motion for a continuance, he suffered prejudice that amounts to a denial of justice. *Smith v. State*, 2012 Ark. App. 613.

In this case, Davis argues that all the factors weighed in favor of granting the continuance. He points out that he subpoenaed McGee before trial; McGee's testimony could show that Davis did not intend to commit robbery or battery; McGee had an upcoming court date in Pulaski County so he could be procured for the next trial date; and his counsel filed an affidavit.

We disagree and hold that the circuit court did not abuse its discretion by denying Davis's request for a continuance to secure McGee as a witness. All of the factors do not weigh in favor of granting the continuance. Although Davis had diligently subpoenaed McGee before trial, neither he nor his attorney had actually spoken to McGee regarding the parameters of his testimony. Further, even though McGee had an upcoming court date

SLIP OPINION

and possibly could be detained for trial, his potential testimony would incriminate him, and he well might avail himself of Fifth Amendment protections. Moreover, Davis offers no argument on appeal about how he suffered prejudice that amounts to a denial of justice as a result of the ruling on the continuance. Accordingly, we hold that the circuit court did not abuse its discretion in denying Davis's request for a continuance.

Davis next argues that the circuit court erred by permitting the State to amend the battery charge at trial from first-degree battery under Arkansas Code Annotated section 5-13-201(a)(8) (Repl. 2013) to first-degree battery under subsection 201(a)(4). He argues that the amendment changed the nature of the charge because it shifted the mens rea element from intent to commit battery to intent to commit the underlying felony of aggravated robbery.

Section 5-13-201(a)(8) provides that a person commits first-degree battery if with the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a firearm. Section 5-13-201(a)(4) provides that a person commits first-degree battery if acting alone or with one or more other persons, the person commits or attempts to commit a felony and in the course and in furtherance of the felony or in immediate flight from the felony, the person or an accomplice causes serious physical injury to any person under circumstances manifesting extreme indifference to the value of human life.

It is well settled that the State is entitled to amend an information at any time before the case is submitted to the jury so long as the amendment does not change the nature or degree of the offense charged or create unfair surprise. *Hill v. State*, 370 Ark. 102, 105

S.W.3d 534 (2007). In *Hill*, the defendant was originally charged with three counts of kidnapping in violation of Arkansas Code Annotated section 5-11-102(a)(4) (Repl. 1997), which provides that "[a] person commits the offense of kidnapping if, without consent, he restrains another person so as to interfere substantially with his liberty with the purpose of . . . [i]nflicting physical injury upon him." *Id.* at 106, 257 S.W.3d at 537. After presenting its case, the State amended its information to include the allegations that the kidnappings were for the purpose of terrorizing another or facilitating the commission of a felony. *Id.* These additional allegations conformed to Arkansas Code Annotated section 5-11-102(a)(3) and (6). *Id.* The defendant objected, but the circuit court agreed that the State could properly amend its information. *Id.*

On appeal, our supreme court rejected the defendant's assertion that the amendment changed the nature of the charge. *Id.* In both the original information and the amended information, the defendant was charged with kidnapping. *Id.* The supreme court reasoned that the amendment did not change the *nature* of the kidnapping charge; rather, it amended the *manner* in which the alleged kidnapping had taken place. *Id.*

In this case, we hold that the circuit court did not err in allowing the State to amend the first-degree-battery charge. As in *Hill*, the amendment here did not change the nature of the charge. The State still proceeded with the charge of first-degree battery. The amendment changed the manner in which the battery took place. As to Davis's argument that the amendment changed the mens rea element from intent to commit battery to intent to commit aggravated robbery, the State had charged Davis with aggravated robbery in the original criminal information, so Davis was clearly not surprised that he was required to

defend against the elements of that felony. Further, Davis has not offered an argument on appeal to demonstrate that he was prejudiced by the amendment. Accordingly, we find that Davis has failed to establish a reversible error.

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*Short Law Firm*, by: *Lee D. Short*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.