Cite as 2020 Ark. App. 39

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR-19-401

| | | |
|---|---|---|
| BOBBY LAW | | **Opinion Delivered** January 22, 2020 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIFTH DIVISION [NO. 60CR-16-4401] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE WENDELL GRIFFEN, JUDGE |
| | | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Bobby Law pleaded no contest to first-degree battery. The charges related to serious injuries suffered by Heather Sandefur when Law's vehicle collided with Sandefur's. Law appeals the circuit court's denial of his motion to continue the sentencing hearing. Law requested the continuance on the day of the hearing because a character witness (Norman Clifton) was unable to attend. Law contends that the circuit court's denial of his motion constituted an abuse of discretion. We affirm.

The guiding legal principles are well settled. Arkansas Rule of Criminal Procedure 27.3 (2019) provides that "[t]he court shall grant a continuance only upon a showing of good cause and only for so long as is necessary, taking into account not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." In deciding whether to grant or deny a motion for a continuance to secure the presence of a witness, the circuit court considers (1) the diligence of the

movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the affiant believes them to be true. *Davis v. State*, 2017 Ark. App. 496, 532 S.W.3d 589. We will not reverse the circuit court's decision absent a clear abuse of discretion, which is a high threshold that does not simply require error in the circuit court's decision but rather requires the appellant to show that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Hill v. State*, 2015 Ark. App. 587, 473 S.W.3d 556. An appellant must also demonstrate that as a result of the ruling on the motion for a continuance, he suffered prejudice that amounts to a denial of justice. *See Thomas v. State*, 370 Ark. 70, 257 S.W.3d 92 (2007).

In March 2016, Law caused the two-car crash that seriously and permanently injured Sandefur. Law was charged with battery, driving while intoxicated, refusal to submit to chemical testing, and possession of marijuana, with enhancements due to his being a habitual criminal. The case was set for an October 4, 2018 bench trial. That day, Law agreed to plead no contest to first-degree battery, the State presented no evidence on the driving-while-intoxicated charge, and the State nolle prossed the remaining counts. The circuit court ordered a presentencing report and set a sentencing hearing for November 5, 2018. On that date, Law moved for a continuance because his attorney had "some issues with the presentence." The State did not object. The circuit court reset sentencing for December 6, 2018, at 8:30 a.m. but apologized to the members of the victim's family for having to

reschedule, assuring them that "we are going to get it done on the 6th of December and that's going to happen."

At the December 6 hearing, Law's attorney informed the circuit court that he had a letter from Norman Clifton, Law's employer, who was unavailable to testify as a character witness that day. Defense counsel said that he would much rather have Clifton present, and he had concerns that there were errors in the presentence report, so counsel requested a continuance. The State objected, noting that the victim was present and the court had informed everyone that sentencing would take place on December 6. The circuit court denied the motion for a continuance.

Sandefur testified how the accident, the terrible injuries she suffered, the hospitalization and surgeries that were required, and the physical and emotional impacts continued to affect her life. Law testified on his own behalf, apologizing to Sandefur and explaining that he too was seriously injured in the wreck and could not work for a long time. Law said that he was presently doing remodeling work for Norman Clifton and for Michael Hansberry. Law admitted that he had some prior convictions and brushes with the law, but he maintained that his life was back on track.

Quinshunta Hughes, Law's girlfriend, testified that she depended on Law, that they did everything together, that she had health problems, and that Law took good care of her when she was unwell. According to Hughes, Mr. Clifton spoke highly of Law. She said Law was not lazy and took temporary jobs when he could, and she asked that he not be taken away from her.

Defense counsel tendered Clifton's emailed letter into evidence; the State did not object. The circuit court admitted the November 2, 2018 emailed letter:

> I am writing on behalf of Bobby Law for the purpose of being a character witness for him. Bobby worked for me last year for approx. 6 months until I ran out of work.
>
> Bobby was always on time, a good conscience [sic] worker, plenty willing to be of help in any work we needed none [sic].
>
> I had lost contact with him, as I picked up some jobs that he could do if he could be available for work now I could put him back to work.
>
> I ask for any leniency you might be able to extend to him.

The possible punishment range was five to twenty years. The circuit court considered the severity of harm to Sandefur, Law's criminal history, the fact that Law was on parole when this crime was committed, and Law's sincere apology. The circuit court sentenced Law to fifteen years in prison, which it deemed "fair and reasonable," to be followed by five years of suspended imposition of sentence. This appeal followed.

Law argues that the circuit court abused its discretion by not continuing the sentencing hearing until Clifton could be available to testify as a character witness. Law argues that Clifton's testimony would have established that Law could have made a contribution to society rather than be a burden as a prison inmate. We disagree that Law has demonstrated an abuse of the circuit court's discretion or resulting prejudice.

Law had already been given a one-month continuance and was informed that sentencing was going to happen at the reset date. Law readily admits that he failed to present an affidavit, failed to demonstrate diligence in getting Clifton to appear, and failed to demonstrate the likelihood that Clifton could be at another hearing if a continuance were

4

granted.  Even so, Law and his girlfriend testified about his work for Clifton and Clifton's good opinion of him, and Clifton's email was admitted into evidence giving voice to Clifton's positive comments.  Law cannot demonstrate resulting prejudice because the information he sought to elicit from the absent witness was introduced at the sentencing hearing.  *See Wilson v. State*, 320 Ark. 142, 895 S.W.2d 524 (1995).

Affirmed.

VAUGHT and HIXSON, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.