Cite as 2025 Ark. App. 583

# ARKANSAS COURT OF APPEALS

DIVISION III
№. CR-24-468

| | | |
|---|---|---|
| TYLENN TODD | | Opinion Delivered December 3, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE ARKANSAS COUNTY |
| V. | | CIRCUIT COURT, NORTHERN DISTRICT |
| | | [NO. 01SCR-20-92] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DONNA GALLOWAY, |
| | | JUDGE |
| | | |
| | | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant Tylenn Todd appeals after he was convicted by an Arkansas County Circuit Court jury of fleeing in a vehicle causing danger, fleeing by foot, and second-degree criminal mischief.[1] He was sentenced as a habitual offender to serve an aggregate of 360 months' imprisonment in the Arkansas Division of Correction (ADC). On appeal, appellant does not challenge the sufficiency of the evidence. Instead, he argues that the circuit court erred by granting the State's motion for continuance.[2] We affirm.

---

[1]He was acquitted of first-degree battery with a deadly weapon.

[2]Appellant's previous appellate counsel had filed a no-merit brief. We ordered rebriefing because the brief was not filed in compliance with Arkansas Supreme Court Rule 4-3 and *Anders v. California*, 386 U.S. 738 (1967). *See Todd v. State*, 2025 Ark. App. 383. Substitute counsel subsequently filed a merit brief, which is now before us.

## I. *Relevant Facts*

Appellant was charged by amended criminal information with first-degree battery, a Class B felony, in violation of Arkansas Code Annotated section 5-13-201 (Repl. 2024); fleeing in a vehicle causing danger, a Class D felony, in violation of Arkansas Code Annotated section 5-54-125 (Repl. 2024); fleeing by foot, a Class A misdemeanor, in violation of Arkansas Code Annotated section 5-54-125; and second-degree criminal mischief with damages greater than $5,000, a Class D felony, in violation of Arkansas Code Annotated section 5-38-204 (Repl. 2024). The State further stated that appellant's sentence should be enhanced because he is a habitual offender pursuant to Arkansas Code Annotated section 5-4-501 (Repl. 2024) and because he employed a firearm pursuant to Arkansas Code Annotated section 16-90-120 (Supp. 2023).

There were numerous pretrial hearings in this case during which defense counsel[3] argued that appellant's bond should be reduced, both parties requested continuances for various reasons, and discussions were held regarding the tolling of speedy trial and other matters. Relevant to this appeal, appellant's first trial was originally set for October 7, 2021. On October 5, 2021, the State moved for a continuance due to the unavailability of an expert witness from the Arkansas State Crime Laboratory. In the motion, the State explained that the forensic criminalist subpoenaed to testify that appellant's clothing was covered in

---

[3]We acknowledge that appellant was represented by several different attorneys at various times during the pendency of his case. Therefore, instead of referring to each attorney by name, we generically use "defense counsel" to avoid confusion.

gunshot residue was unavailable because of her retirement. Although another forensic criminalist was offered as a substitute, the State discovered that day that she was not qualified to testify as an expert on gunshot residue, and any remaining forensic criminalists qualified to testify as experts in gunshot residue were also unavailable due to having been subpoenaed in other cases. Moreover, another witness that would testify as to the chain of custody of the evidence was also unavailable. Appellant filed his objection to the State's motion for a continuance, and a hearing was held the next day.

At the hearing, appellant objected to the continuance, arguing in part that the State's motion did not provide an affidavit showing the materiality of the evidence expected and was therefore not in compliance was Arkansas Code Annotated section 16-63-402(a) (Repl. 2005). The State argued that the testimony regarding the gunshot residue on appellant's clothing was significant because it was proof that he had fired a gun close in time to his arrest. Appellant stipulated to the fact that the witness from the crime lab would testify that gunshot residue was found on his clothing. He claimed that the effect of that information was something for the jury to infer and determine and was not dispositive to his case because the crime-lab report offered several explanations. The State offered to amend the motion to attach an affidavit but maintained that it was "not trying to hide the ball" and simply wanted testimony about the gunshot residue. The circuit court held that the oral motion was sufficient and that the State had acted with due diligence. The circuit court filed an order on October 12, 2021, granting the State's motion for a continuance and specifically finding

that "the State has sufficiently presented that a material witness is unavailable and has acted with due diligence."

A hearing was held on October 24, 2022, to address appellant's motion to suppress filed on August 4, 2020, and amended motion to suppress filed on July 20, 2022. At the hearing, defense counsel argued that there was no probable cause for the initial pursuit and that all evidence seized and any statements appellant made should therefore be suppressed. Mike Wallace, a lieutenant with the criminal investigations division, testified that he responded to a second shooting that had occurred on April 17, 2020. The victim explained that the shooter fled in a "gray charger." Later, another detective radioed and explained that "he had received a phone call stating that the shooters had fled the gray Charger and one of the shooters had gotten into a black HHR." Lieutenant Wallace testified that he later saw a black HHR "run a stop sign." He pulled up behind the vehicle and initiated his blue lights and sirens, but the vehicle fled and ran a red light. During the pursuit, a blue bag was thrown from the driver's-side window and landed in a pickup truck. Eventually, "the suspect vehicle lost control, hit a fire hydrant, went airborne, hit a telephone pole, and flipped upside down." When Lieutenant Wallace stepped out of the vehicle, he "took a jolt" and was burned because the telephone pole and electrical line had fallen on his vehicle. The circuit court ultimately filed a written order denying the motion on October 26, 2022, finding that "based on the testimony of Michael Wallace there is sufficient probable cause for the officer to stop the Defendant."

Appellant's first trial resulted in a mistrial; accordingly, it is unnecessary to discuss the testimony presented at that trial. Before appellant's second trial, Lieutenant Wallace was involved in a significant traffic accident. After two hearings on the matter, the circuit court declared that Lieutenant Wallace was an unavailable witness and allowed the transcript of his testimony presented at the suppression hearing to be read to the jury. Additionally, the State amended appellant's criminal information to include a sentencing enhancement that was to elevate his charge from a small habitual offender to a large habitual offender because appellant now had four or more prior felony convictions. Defense counsel agreed that the State should be allowed to amend the information on that basis.

Because appellant does not challenge the sufficiency of the evidence, only a brief summary of the evidence presented at appellant's second trial is necessary for context. Defense counsel told the jury that appellant admitted he was guilty of fleeing in a vehicle causing danger and fleeing by foot. Appellant also stipulated that the black HHR vehicle was owned by the appellant's mother and that the value was at least $5,000. Defense counsel instead stated to the jury, "All we ask of you is to find Mr. Todd not guilty of battery first."

The victim, DeAngelo Delancey, testified that he went to the site of a shooting that had taken place earlier that day. Mr. Delancey said that while he was there, a gray Dodge Charger with tinted windows pulled up to the scene. A man wearing a black mask got out of the passenger side and came around the back of the car, aiming a gun at him. The gunman shot him twice, once in his thigh and then in his abdomen when he fell. Mr. Delancey

5

identified appellant as the shooter. He explained that the shooter then sped off in the same gray Charger.

The transcript of Lieutenant Wallace's testimony given at the suppression hearing regarding his subsequent pursuit of appellant in a black HHR vehicle was read into evidence without objection. Sergeant James Cignac testified that he was also involved in the pursuit of appellant. He explained that he saw the vehicle strike an electrical pole, lose control, and roll over into the ditch. Appellant then exited the vehicle and began running east. Sergeant Cignac chased him for a couple of blocks and eventually caught up with appellant and was able to take him into custody.

The jury found appellant guilty of fleeing in a vehicle causing danger, fleeing by foot, and second-degree criminal mischief with damages greater than $5,000.[4] Appellant was sentenced as a habitual offender to serve an aggregate of 360 months' imprisonment. This appeal followed.

## II. *State's Motion for a Continuance*

It is within the circuit court's discretion to grant or deny a motion for continuance, and our appellate courts will not reverse the circuit court's decision absent a clear abuse of discretion. *Andruszczak v. State*, 2017 Ark. App. 183, 518 S.W.3d 114. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision. *Hill v. State*, 2015 Ark. App. 587, 473 S.W.3d 556. An abuse of discretion requires

---

[4]He was acquitted of first-degree battery with a deadly weapon.

the appellant to show that the circuit court acted improvidently, thoughtlessly, or without due consideration. *Id.* On appeal, the appellant bears the burden of establishing that the circuit court abused its discretion and that he or she suffered prejudice amounting to a denial of justice. *Harper v. State*, 2019 Ark. App. 163, 573 S.W.3d 596.

Rule 27.3 of the Arkansas Rules of Criminal Procedure (2021) provides that a circuit court shall grant a continuance only upon a showing of good cause and shall take into account the request or consent of the prosecuting attorney or defense counsel as well as the public interest in the prompt disposition of the case. Arkansas Code Annotated section 16-63-402(a) (Repl. 2005) states that

> [a] motion to postpone a trial on account of the absence of evidence shall, if required by the opposite party, be made only upon affidavit showing the materiality of the evidence expected to be obtained and that due diligence has been used to obtain it.

The supreme court has consistently interpreted this statute as requiring the presence of an affidavit in order to justify a continuance due to a missing witness. *Clark v. State*, 358 Ark. 469, 192 S.W.3d 248 (2004). In deciding whether to grant or deny a motion for a continuance to secure the presence of a witness, the circuit court should consider (1) the diligence of the movant; (2) the probable effect of the testimony at trial; (3) the likelihood of procuring the attendance of the witness in the event of a postponement; and (4) the filing of an affidavit, stating not only what facts the witness would prove but also that the affiant believes them to be true. *Hudson v. State*, 2014 Ark. App. 253.

Appellant's sole point on appeal is that the circuit court erred in granting the State's motion for a continuance that was filed on October 5, 2021, because there was no affidavit

7

attached to the motion. Appellant explains that even though the prosecuting attorney is an officer of the court, the prosecuting attorney's oral representations to the circuit court at the hearing did not relieve him of the requirement to file an affidavit pursuant to Arkansas Code Annotated section 16-63-402(a). Appellant argues that the circuit court therefore abused its discretion in granting the motion for continuance. Even assuming arguendo that we agree with appellant's argument that the circuit court abused its discretion, appellant has failed to allege in his opening appellate brief that he suffered prejudice amounting to a denial of justice. Instead, citing our decision in *Hudson*, appellant claims that he "is not required to show prejudice[.]" He is mistaken.

We have consistently held that an appellant bears the burden of establishing that the circuit court abused its discretion *and* that he or she suffered prejudice amounting to a denial of justice. *Harper*, *supra*; *Andruszczak*, *supra*; *Hudson*, *supra*. Here, we need not address the appellant's argument that the motion for continuance should have been denied because the State failed to attach the affidavit as contemplated by Rule 27.3. The motion for continuance and the omitted affidavit pertained exclusively to evidence of gunshot residue, which was relevant only to the first-degree-battery charge and not to the charges of fleeing in a vehicle causing danger, fleeing by foot, and second-degree criminal mischief. Appellant was subsequently acquitted of the first-degree-battery charge, which renders any argument pertaining to the gunshot residue and motion for continuance moot. Appellant cannot show prejudice resulting from his convictions for fleeing in a vehicle causing danger, fleeing by foot, and second-degree criminal mischief due to the grant of the motion for continuance.

8

Accordingly, because appellant failed to satisfy his burden to establish that he suffered prejudice amounting to a denial of justice, we must affirm.

Affirmed.

KLAPPENBACH, C.J., and BARRETT, J., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.