

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-14-824

| | | |
|---|---|---|
| KENDRICKS HILL | | **Opinion Delivered** October 21, 2015 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. CR2013-456 IV] |
| | | HONORABLE MARCIA R. HEARNSBERGER, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

A Garland County jury convicted appellant Kendricks Hill of one count each of possession of a controlled substance, carrying a weapon, and public intoxication. His sole argument on appeal is that the circuit court erred in denying his request for a continuance after his original lawyer became ill and a new attorney had to be appointed for him days before his case was scheduled to be tried.[1] We find no error and affirm.

Our standard of review from the denial of a continuance is well settled. A trial court shall grant a continuance only upon a showing of good cause and shall take into account "not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." Ark. R. Crim. P. 27.3 (2013); *Mahomes v.*

---

[1] We previously ordered rebriefing in this case because Hill failed to include the jury verdict forms in his addendum. *Hill v. State*, 2015 Ark. App. 401. Hill has corrected this deficiency with the filing of a supplemental addendum.

*State*, 2013 Ark. App. 215, 427 S.W.3d 123. When a motion for continuance is based on a lack of time to prepare, the reviewing court considers the totality of the circumstances. *Davis v. State*, 2014 Ark. App. 452. It is within the trial court's discretion to grant or deny a motion for continuance, and we will not reverse the circuit court's decision absent a clear abuse of discretion. *Hudson v. State*, 2014 Ark. App. 253; *Haskins v. State*, 2013 Ark. App. 613. An appellant must also demonstrate that, as a result of the ruling on the motion for a continuance, he suffered prejudice that amounts to a denial of justice. *Smith v. State*, 2012 Ark. App. 613. With these standards in mind, we turn to the facts and circumstances surrounding Hill's request for a continuance.

Hill was initially represented by attorney Mark Fraiser, who appeared at Hill's omnibus hearing and at a hearing in October 2013. Hill failed to appear at the October hearing, and a bench warrant was issued for his arrest. Fraiser continued to represent Hill at a hearing following his arrest on the failure-to-appear charge; at that time, both the substantive charges and the failure-to-appear charge were set for disposition in January 2014. At the January hearing, Fraiser confirmed that he could try both the failure-to-appear and the substantive drug charges on the same date. The court then set the matter for trial on May 14, 2014.

Prior to trial, however, Fraiser became ill. As a result, at a pretrial hearing on May 13, Hill was represented by Brent Miller. Miller asked that the substantive charges be tried separately from the failure-to-appear count, and the State averred that it was prepared to go forward with trial on the charges for possession of a controlled substance, carrying a weapon,

and public intoxication. The court then asked if everyone was prepared to proceed with trial the next day, and a lengthy discussion between the court, counsel, and Hill ensued.

During that conversation, the court asked Hill if he wanted to go forward with the trial the next day with Miller or postpone the case until a later date when Fraiser could handle it. Hill replied that he was prepared to go forward; Miller, however, suggested that he might have a different trial strategy than Fraiser had explored. Nonetheless, Miller agreed that, generally, he could prepare himself and try a case within the time given him. The court advised Hill that he could choose to go forward with trial the next day, and Hill agreed that he was "prepared to go." Trial was then set to begin the following morning.

Prior to trial, however, Miller filed a written motion for continuance. In it, he asserted that "there may be certain witnesses that could be called" on Hill's behalf, but he had not had time to issue and serve subpoenas. In addition, the motion alleged that, while Miller "would be able to try the case generally," there were "certain issues that he would have addressed differently prior to his assignment and due to the late involvement is unable to represent the defendant in the best way possible." Finally, Miller contended that, due to his limited time in dealing with the case, Hill's "Sixth Amendment right to compulsory Due Process is essentially denied."

The court addressed the continuance motion before commencing voir dire, asking Hill repeatedly whether he was still prepared to go forward; Hill consistently replied that he was "ready." After the court gave Hill an opportunity to confer with Miller, Miller confirmed Hill's desire to go forward with trial that day. As a result, the court formally

denied the continuance motion, and the case proceeded to trial. As noted above, the jury convicted Hill of possession of a controlled substance, carrying a weapon, and public intoxication and sentenced him to twelve years in the Arkansas Department of Correction.

On appeal, Hill argues that the circuit court's denial of his motion for continuance amounted to an abuse of discretion. He cites attorney Miller's initial hesitation to proceed with trial so soon after being assigned to the case, and he suggests that Miller's late involvement caused a loss of opportunity to file motions, such as a motion to suppress evidence. Hill also complains that, if given more time to prepare, counsel "would have approached the case differently—potentially subpoenaing witnesses, filing suppression motions, and strategizing with [Hill] regarding additional defenses to the criminal charges." As a result, he claims, he was prejudiced by the lack of time for newly appointed counsel to prepare a defense.

As noted above, we review the circuit court's denial of a motion for continuance for an abuse of discretion. *See Hudson*, *supra*. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision. *Grant v. State*, 357 Ark. 91, 161 S.W.3d 785 (2004). An abuse of discretion requires the appellant to make a showing that the trial court acted improvidently, thoughtlessly, or without due consideration. *Toombs v. State*, 2015 Ark. App. 71; *Holland v. State*, 2014 Ark. App. 644, 448 S.W.3d 220. Here, the court held numerous, lengthy colloquies with Hill and his attorney, thoroughly explaining the situation and offering Hill repeated chances to either proceed or delay the case. On the

record before us, we simply cannot conclude that the circuit court acted improvidently, thoughtlessly, or without due consideration.

Nonetheless, Hill directs this court to *Gonzales v. State*, 303 Ark. 537, 798 S.W.2d 101 (1990), in support of his argument that the court abused its discretion. In *Gonzales*, the defendant spoke no English, and his attorney, who was appointed to represent him the day before trial was scheduled, was unable to communicate with him either personally or through the unsatisfactory interpreter who had been provided. The circuit court rejected Gonzales's motion for a continuance, but our supreme court reversed, holding that the "lack of preparation time was further compounded by the language barrier existing between the appellant and his appointed counsel and the difficulty in obtaining a competent interpreter in a timely manner." *Gonzales*, 303 Ark. at 540, 798 S.W.2d at 102.

Hill argues that *Gonzales* is analogous because his attorney had difficulty communicating "the gravity of the situation" to him and claims an "inability to grasp the long-term consequences of moving forward to trial." Citing *Gonzales*, he argues that "the inability of the newly appointed attorney and his client to adequately and clearly understand each other is the equivalent of speaking to each other in a foreign language." We disagree for several reasons.

First, the attorney in *Gonzales* found out about his appointment the day before trial. Miller was assigned the case on Friday before trial was scheduled to begin on Wednesday and had time to review the entire file that had been prepared by his predecessor. Second, in *Gonzales*, counsel was literally unable to communicate verbally with his client. Here,

however, it is more than apparent from the record that Hill and Miller communicated—both with each other and with the court—freely and at length. Finally, there was no indication in *Gonzales* that the defendant was given an opportunity to be heard on whether he wished to proceed to trial with counsel who may or may not have been prepared. In the present case, however, Hill was asked several times whether he wanted to go forward, and he was adamant—on repeated occasions—that the case be tried immediately. Considering the totality of the circumstances, we cannot conclude that *Gonzales* compels reversal.[2]

Affirmed.

GLADWIN, C.J., and HOOFMAN, J., agree.

*Cross, Gunter, Witherspoon & Galchus, P.C.*, by: *Misty Wilson Borkowski*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.

---

[2] Hill briefly raises an argument in the final paragraph of his brief that he was denied his constitutional rights to effective assistance of counsel and to due process of law. He failed to obtain a ruling from the circuit court on his constitutional claims, however. An appellant must obtain a ruling from the trial court in order to preserve the issue for appeal; this is true even for arguments that are constitutional in nature. *Flowers v. State*, 2015 Ark. App. 181, 458 S.W.3d 250 (citing *Roston v. State*, 362 Ark. 408, 208 S.W.3d 759 (2005)).