ROBERT J. GLADWIN, Judge
In this appeal of a probation revocation in the Fulton County Circuit Court, Matthew Arnold argues that the trial court abused its discretion in denying his motion for continuance. We affirm.
I. Procedural History
Arnold pled guilty and was convicted on March 18, 2014, of possession of methamphetamine, possession of drug paraphernalia, and theft of property. He was sentenced, concurrently, to five years' probation on each count. His probation was subject to several conditions, including that he not commit a criminal offense punishable by imprisonment, that he submit to random testing for illegal substances, and that he not use, sell, or possess any controlled substance or associate with any person known to use or sell illegal drugs. A special condition of his probation was that he successfully complete the Sixteenth Judicial District Drug Court Program.
The State filed a petition to revoke Arnold's probation on September 13, 2016, alleging that Arnold had (1) tested positive for amphetamines on July 6, 2016; (2) failed to report to his supervising officer for drug testing as ordered on July 14, July 23, August 5, and August 12, 2016; and (3) failed to report to the Veterans Treatment Court as ordered on August 18, 2016. The State alleged that Arnold's whereabouts were unknown.
At the hearing on the State's revocation petition, Arnold asked that the hearing be continued because the State had subpoenaed Arnold's probation officer from Fayetteville, but Arnold's counsel did not know about the subpoena until the day before the hearing and had not talked to the probation officer. The State responded that Arnold's probation had been transferred to Washington County at Arnold's request and that the officer was going to testify about what the State pled in the petition to revoke. Arnold, through his counsel, responded, and the following colloquy occurred:
DEFENSE COUNSEL : Judge, my position on that is that there is incorrect I mean, the petition says that he was revoked from doing certain things. And cites Officer Morehead. There's a reference to someone in there without a phone number or anything like that. And it's kind of scratched through it and has Josh Morehead on it. The phone number, I've talked to Josh about it. But I didn't get a copy of the subpoena. I think it's 16-43-211, says criminal proceedings, civil procedure governs. And I think under Rule 45 I'd be entitled to receive a copy of that subpoena before the trial.
THE COURT : Make him a copy and I'll let you visit with his probation officer before we have the hearing today. I think that's fair enough. This case is getting old. So, what, this afternoon, 1:30. But before then [defense counsel] will have the opportunity to visit with the Fayetteville probation officer.
When the trial court reconvened on the same day, defense counsel renewed his motion, arguing, as he did previously, that *300 he had not had time to prepare properly and that he was entitled to the information. The trial court denied the motion.
When the hearing resumed, Joshua Morehead, probation and parole agent for the State of Arkansas, testified that he had supervised Arnold from March 17, to August 21, 2014, when Arnold had been transferred to Washington/Madison County. Morehead said that the drug court had given Arnold two strikes for lying to the court about missing a class, failing a drug test, using synthetic drugs, and bringing in a device filled with urine to pass a drug test. He said that Arnold was sanctioned and sentenced to 56 days in jail. After that, Arnold was sent to an ACC treatment facility for 90 days then transferred to Fayetteville.
Matthew Penquite, a probation and parole agent with Washington County, testified that Arnold was placed in the Washington County Drug Court on February 11, 2015, and he tested positive for amphetamines on July 6, 2016. He said that Arnold absconded in July 2016. Penquite testified that Arnold failed to report to his probation officer on July 14, 2016. He also said that Arnold had been admitted to a veterans' treatment program within the Washington County Drug Court and had failed the treatment guidelines. Penquite said that, during the time he had directly supervised Arnold, Arnold failed to report to him four or five times.
After the defense rested its case, the trial court found that the State had proved by a preponderance of the evidence that Arnold had violated the terms of his probation by absconding in July 2016 and failing to report. The trial court noted that the only reason Arnold was back in the system was because he was picked up on a traffic stop. Arnold was sentenced to three years each for (1) possession of a controlled substance; (2) possession of drug paraphernalia; and (3) theft of property; thus, he was sentenced to nine years' imprisonment in the Arkansas Department of Correction. This appeal timely followed Arnold's convictions.
II. Standard of Review
Our standard of review from the denial of a continuance is well settled. A trial court shall grant a continuance only upon a showing of good cause and shall consider "not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." Ark. R. Crim. P. 27.3 (2016); Hill v. State , 2015 Ark. App. 587, 473 S.W.3d 556. When a motion for continuance is based on a lack of time to prepare, the reviewing court considers the totality of the circumstances. Hill, supra. It is within the trial court's discretion to grant or deny a motion for continuance, and this court will not reverse the trial court's decision absent a clear abuse of discretion. Id. An appellant must also demonstrate that he suffered prejudice that amounts to a denial of justice because of the ruling on the motion for a continuance. Id.
III. Motion for Continuance
Arnold argues that the trial court abused its discretion in denying his motion for continuance, which was based on the State's alleged failure to adequately disclose its witnesses. He argues that, due to the lower burden of proof in probation-revocation hearings, he was in a particularly exposed position that warranted giving him sufficient time to prepare a defense, which includes discovery. See Ark. Code Ann. § 16-93-308(d) (Repl. 2016) (burden of proof is by a preponderance of the evidence in revocation cases).
Arnold contends that his counsel was appointed on February 21, 2017, and on *301 March 1, 2017, he filed a motion for discovery. He argues that the State's response did not include the information required under Arkansas Rule of Criminal Procedure 17.1(a)(i) (2016)-the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial. He describes that, included in the State's response, there was a copy of the revocation petition signed by Officer Joshua Morehead. A handwritten note was on the petition-the name "Matthew Penquite" and a line drawn to the margin where there is another handwritten note stating the name "Joshua Morehead" and a phone number.[1] Arnold argues that this information does not comply with Rule 17.1(a)(i) and is not sufficient to put him on notice of the witnesses the State intended to call against him. He also argues that the information was not enough for his counsel to investigate the potential witness.
Arkansas Code Annotated section 16-43-211 (Repl. 1999) provides that the "Code of Practice in Civil Cases" shall apply to coercing the attendance of witnesses and compelling them to testify in criminal actions. Arkansas Rule of Civil Procedure 45(d) (2017) provides that notice of subpoenas issued should be promptly given to all parties in the manner prescribed by Arkansas Rule of Civil Procedure 5(b) (2017). Arnold argues that the State issued a subpoena to "Matthew Pinquite" [sic] on March 3, 2017, and that the subpoena contained another error-February 23, 2017 hearing date, rather than March 23, 2017. Arnold contends that the State never provided him with notice of the subpoena. He claims that on March 22, 2017, "the defense" discovered that Mr. Penquite had been subpoenaed to be in court for the hearing on March 23, 2017.
Finally, Arnold claims that the surprise caused by the State's failure to comply with Rules 45 and 17.1(a)(i) was prejudicial to him. He states that when testimony has not been properly disclosed by the prosecution, the burden is on the defendant to establish that the omission was sufficient to undermine confidence in the outcome of the trial. Nicholson v. State , 319 Ark. 566, 892 S.W.2d 507 (1995). Further, there is no abuse of discretion in a trial court's failure to grant a continuance when there is sufficient time allowed for the defense to make beneficial use of evidence. Clark v. State , 26 Ark. App. 268, 764 S.W.2d 458 (1989). He contends that when the State is charged with knowledge of the existence of a material witness and fails in response to a discovery order over an extended period to disclose that information without explanation, it should not be assumed that in every case a cursory opportunity to interview the witness will cure the omission. Lewis v. State , 286 Ark. 372, 691 S.W.2d 864 (1985). Prejudice must be determined. Scroggins v. State , 312 Ark. 106, 848 S.W.2d 400 (1993).
Arnold contends that the court has four options for sanctions when a party has failed to comply with a discovery rule: (1) the evidence may be excluded; (2) discovery or inspection may be ordered; (3) a continuance may be granted; and (4) an appropriate order may be entered. Ark. R. Crim. P. 19.7. It is within the trial court's discretion which sanction, if any, to employ when there is a failure to comply with discovery. Reed v. State , 312 Ark. 82, 847 S.W.2d 34 (1993). Arnold contends that the State's failure to comply with the Rules as set forth above was prejudicial to him because Penquite's testimony was the basis *302 for the revocation of his probation. He claims that had the State properly identified Penquite as required, he would have had time to review and inspect his supervision file and investigate whether other witnesses might have been available to call in his defense.
We hold that the totality of circumstances supports affirming the trial court's decision to deny the continuance motion. First, Arnold failed to clearly demonstrate how the trial court's granting of a continuance would have altered the outcome of the hearing. He has failed to point to any specific information that the continuance would have garnered that would have impacted or changed his cross-examination of Officer Penquite. See Hickman v. State , 372 Ark. 438, 277 S.W.3d 217 (2008) (no prejudice in prosecution's failure to disclose witness when defendant was given time to interview witness before trial and exercised his right to cross-examine witness, and the defendant failed to point to any specific information that additional research of the witness would have garnered that would have impacted or changed his cross-examination). In revoking his probation, the trial court relied on Arnold's failure to report; but Arnold has not shown how this finding would have been any different had the motion for continuance been granted. Populis v. State , 2011 Ark. App. 334, 2011 WL 1707288. Thus, no prejudice has been shown.
Second, the trial court did not abuse its discretion because any discovery deficiency was cured prior to the hearing. The recess granted for Arnold to interview the witness was sufficient to cure a discovery violation. See, e.g. , Nooner v. State , 322 Ark. 87, 907 S.W.2d 677 (1995) (no abuse of discretion when trial court offered opportunities for interviews of witnesses whose names were provided on the Friday before trial commenced and allowed the same opportunity for reports and documentary evidence). Thus, because Arnold was given an opportunity to interview his probation officer prior to the hearing, there was no abuse of discretion.
Third, the State claims that it made no attempt to conceal discoverable evidence. In Nooner, supra , the supreme court questioned whether the prosecutor was using last-minute preparation as a ploy or subterfuge to gain advantage over the defense. Here, the State denies that it tried to conceal any discoverable evidence, and the evidence elicited by the State proved that Arnold had violated his terms of probation by absconding for a period of eight months. This violation was what the State set forth in the original revocation petition. Therefore, the trial court committed no abuse of discretion in denying Arnold's motion for continuance.
Affirmed.
Vaught and Murphy, JJ., agree.

This information was argued by Arnold's counsel, but the petition described by counsel is not included in Arnold's appellate brief addendum or in the record of the case.