Cite as 2024 Ark. App. 429

# ARKANSAS COURT OF APPEALS

DIVISION II
NO. CR-24-56

| | | |
|---|---|---|
| CHARLES SHEALY | | Opinion Delivered September 18, 2024 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT |
| V. | | [NO. 16JCR-22-566] |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, JUDGE |
| | APPELLEE | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

**STEPHANIE POTTER BARRETT, Judge**

Charles Shealy appeals an order of the Circuit Court of Craighead County finding that he had violated the conditions of his suspended sentence and sentencing him to seventy-two months in the Arkansas Division of Correction and placing him on an additional forty-eight months' suspended sentence. We affirm the revocation of his suspended sentence and remand to correct the sentencing order.

On April 1, 2022, Charles Shealy was charged with possession of controlled substance, methamphetamine, with intent to deliver, a Class C felony; possession of drug paraphernalia; and possession of a misdemeanor amount of marijuana. On January 9, 2023, Shealy pleaded guilty to possession of methamphetamine, more than two grams but less than ten grams, and was sentenced to 120 days in jail and placed on sixty months' suspended

imposition of sentence (SIS). The charges of possession of drug paraphernalia and possession of marijuana were dismissed pursuant to the plea agreement.

On March 1, 2023, less than sixty days after his plea of guilty to possession of methamphetamine, Officer Greg Trout of the Jonesboro Police Department saw Shealy riding a bicycle without a light at 11:00 p.m. in violation of Arkansas law. Shealy was stopped for the violation, and Officer Trout asked him questions about his identity and whether he was on probation or serving a suspended sentence. Shealy admitted to Officer Trout that he was serving a suspended sentence, which was confirmed by a warrant check. The conditions of Shealy's suspended sentence gave Officer Trout authority to conduct a warrantless search of his person and backpack. Officer Trout conducted a search of Shealy's backpack and found 0.9 grams of a crystal-like substance and a glass meth pipe with burn marks and residue. A controlled-substance field test confirmed that the substance was methamphetamine, and he was placed under arrest for possession of a controlled substance and possession of drug paraphernalia.

A petition to revoke Shealy's probation was filed on March 21, 2023, as the result of the new charges of possession of methamphetamine, a Schedule II controlled substance, less than two grams, a Class D felony; and possession of drug paraphernalia—namely, a glass methamphetamine pipe, also a Class D felony. A hearing was held on the petition to revoke on July 12, 2023. The circuit court took judicial notice of the case file, including Shealy's sentencing order and the signed terms and conditions of his suspended sentence. The relevant terms of Shealy's suspended sentence were that he must not commit a criminal

offense punishable by imprisonment and must not use, sell, distribute, or possess any controlled substance; and that he must submit his person, place of residence, motor vehicle, or other property to search and seizure at any time, day or night, with or without a search warrant, whenever requested by any supervising officer or law enforcement officer.

At the commencement of the hearing, Shealy made a motion for continuance arguing that the court should defer disposition of the petition and give him an opportunity to complete his rehabilitation. Shealy chose not to testify, and at the close of the State's case, he moved for directed verdict on the basis of what he argued was an extreme search and failure to show by a preponderance of the evidence that he had violated the terms and conditions of his suspended sentence. The circuit court denied the motion for directed verdict, finding the State had established by a preponderance of the evidence that Shealy had in his possession methamphetamine and drug paraphernalia and had proved Shealy had inexcusably violated the terms and conditions of his suspended sentence. The court also denied Shealy's motion for a continuance to complete his drug rehabilitation. Shealy also argued that he should have been given a jail sanction of 120 days rather than sentenced to the Arkansas Division of Correction.

Shealy raised the following points on appeal: (1) that the State did not show by a preponderance of the evidence that he had violated the terms and conditions of his suspended sentence; (2) that the search was extreme and should be found unreasonable; (3) that the court should have deferred sentencing until he could have completed drug

rehabilitation; and (4) that he should have been given a jail sanction of no more than 120 days.

Upon review, at the close of all the evidence, Shealy moved for directed verdict, arguing that the State had failed to show by a preponderance of the evidence that he had inexcusably violated the terms and conditions of his suspended sentence. The motion was denied by the circuit court. Motions for directed verdict are challenges to the sufficiency of the evidence. *Benson v. State*, 357 Ark. 43, 160 S.W.3d 341 (2004); *Holland v. State*, 2017 Ark. App. 49, 510 S.W.3d 311. A preponderance of the evidence is convincing evidence that is more probably accurate and true when weighed against the evidence opposed to it. *E.g.*, *Sivils v. State*, 2021 Ark. App. 198, at 3, 623 S.W.3d 138, 140. A circuit court may revoke a defendant's probation or suspended sentence prior to expiration if the court finds that the defendant inexcusably failed to comply with a condition of his or her probation. Ark. Code Ann. § 16-93-308 (Repl. 2016); *Miller v. State*, 2011 Ark. App. 554, 386 S.W.3d 65. Evidence that would be insufficient for a new criminal conviction may be sufficient for the revocation of probation. *Lamb v. State*, 74 Ark. App. 245, 45 S.W.3d 869 (2001). Arkansas Code Annotated section 16-93-308(d) provides that a court may revoke a probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his probation. It is the State's burden to prove a violation. *Yarberry v. State*, 2021 Ark. App. 265. In this case, Shealy entered a plea of guilty to possession of methamphetamine on January 9, 2023, and was sentenced to sixty months' suspended imposition of sentence. Less than sixty days after his sentencing, he was arrested

again for possession of 0.9 grams of methamphetamine and drug paraphernalia. Officer Trout testified that Shealy had in his possession a white crystalline substance he recognized as methamphetamine and that was verified by a drug field test as methamphetamine as well as a glass pipe with burn marks and residue commonly used to smoke methamphetamine. Possession of methamphetamine and drug paraphernalia are offenses punishable by imprisonment, which was sufficient to show by a preponderance of the evidence that Shealy had inexcusably violated the terms and conditions of his suspended sentence.

When Shealy was detained by Officer Trout, he was asked to identify himself, and he provided his name to the officer and admitted he was under supervision on a suspended sentence. Officer Trout verified he was serving a suspended sentence and conducted a search of Shealy and his backpack. Shealy argued that the search was extreme since the officer did not have any reason to suspect that he possessed contraband on the basis of his stop for not having a light on his bicycle. Arkansas Code Annotated section § 5-4-303(a)(1) (Supp. 2023) provides that "[i]f a court suspends imposition of sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life." The conditions of suspended sentence included prohibitions on possessing controlled substances and committing any offense punishable by imprisonment. Such suspicionless searches are reasonable under the law applicable to Shealy's suspended sentence and are constitutionally permissible. *Johnson v. State*, 2023 Ark. App. 509, 679 S.W.3d 444. In *United States v. Knights*, 534 U.S. 112 (2001), the Supreme Court held that the warrantless-search condition imposed on a probationer by the court was

permissible because it encouraged "the hope that he will successfully complete probation and be integrated back into the community" while also addressing the "concern, quite justified, that he will be more likely to engage in criminal conduct than an ordinary member of the community." *Id.* at 120–21; s*ee also Clingmon v. State*, 2021 Ark. App. 107, 620 S.W.3d 184 (holding that, under *Samson v. California*, 547 U.S. 843, 850 (2006), warrantless search of parolee's residence did not require any reasonable suspicion and did not violate his constitutional rights). In this case, Officer Trout did not conduct a search of Shealy or his backpack until Shealy admitted that he was serving a suspended sentence, which Officer Trout verified prior to the search. Upon searching Shealy's backpack, officer Trout found a glasses case containing 0.9 grams of a white crystalline substance that he recognized as methamphetamine and drug paraphernalia consisting of a glass methamphetamine pipe with burn marks and residue. A field test confirmed the white crystalline substance as methamphetamine. We find that the warrantless search of Shealy's backpack was constitutionally permissible based on both Arkansas and federal case law for persons on probation or suspended sentences.

Shealy requested that the court defer the disposition of the case to allow him to complete his drug rehabilitation that he allegedly started four weeks prior to the revocation hearing. Our standard of review from the denial of a continuance is well settled. A circuit court shall grant a continuance only upon a showing of good cause and shall consider "not only the request or consent of the prosecuting attorney or defense counsel, but also the public interest in prompt disposition of the case." Ark. R. Crim. P. 27.3 (2023); *Hill v. State*,

2015 Ark. App. 587, 473 S.W.3d 556. When a motion for continuance is based on a lack of time to prepare, the reviewing court considers the totality of the circumstances. *Hill, supra.* Here, Shealy did not allege that he did not have time to prepare for the hearing but sought to have a continuance to purportedly continue a drug-rehabilitation treatment program. It is within the circuit court's discretion to grant or deny a motion for continuance, and this court will not reverse the circuit court's decision absent a clear abuse of discretion. *Id.* In addition, an appellant must also demonstrate that he suffered prejudice that amounts to a denial of justice because of the ruling on the motion for a continuance. *Id.* Shealy argued he was prejudiced because "there was not consideration taken to allow him to finish the drug rehabilitation program." He concludes that "the rehabilitative nature of the justice system was not upheld." Other than counsel's arguments, Shealy did not provide any evidence that he was currently enrolled in a drug-treatment program or provide any progress reports that would show "good cause" for a continuance on these grounds. A circuit court's decision to grant or deny a continuance will not be reversed absent an abuse of discretion amounting to a denial of justice. *Dye v. State*, 2019 Ark. App. 234, 576 S.W.3d 73. An abuse of discretion occurs when the circuit court acts improvidently or thoughtlessly, without due consideration. *Milner v. Luttrell*, 2011 Ark. App. 297, 384 S.W.3d 1. We find no abuse of discretion in the denial of additional time to complete drug rehabilitation because Shealy presented no proof as to his status in a drug-rehabilitation program.

Shealy also argued he should be given a jail sanction of not more than 120 days as an alternative sentence and be placed back on his suspended sentence rather than sentenced to

the Arkansas Division of Correction. In a revocation proceeding, the circuit court has discretion in sentencing and is authorized to impose any sentence that it could have originally imposed. *Perkins v. State*, 2024 Ark. App. 169, 686 S.W.3d 569. A defendant who is sentenced within the statutory range and short of the maximum sentence cannot establish prejudice. *Id.* The decision to allow alternative sentencing is reviewed for an abuse of discretion, which is a high threshold requiring that a circuit court act improvidently, thoughtlessly, or without due consideration. *Winston v. State*, 2024 Ark. App. 24, 683 S.W.3d 195; *Kennedy v. State*, 2024 Ark. App. 382. The court took into consideration Shealy's two prior violent felony convictions and the fact that it had been less than sixty days from the date of his conviction for possession of methamphetamine. After arguments of counsel regarding the alternative sentence, the circuit court imposed a sentence of seventy-two months in the Arkansas Division of Correction with a suspended sentence of forty-eight months after his release. We find that the circuit court did not abuse its discretion in denying Shealy's request for an alternative sentence, considering his past criminal history and the fact that this offense occurred less than sixty days after he was placed on a suspended sentence on the original charge of possession of methamphetamine. *Jefferies v. State*, 2022 Ark. App. 359.

In reviewing the sentencing order, we take notice sua sponte that the sentence imposed on Shealy is illegal on its face because the sentence exceeds the statutory maximum for the offense for which he was convicted when added to the 120 days imposed previously. Upon revocation, Shealy may be resentenced to imprisonment for a period that, when added

to the term of imprisonment that was previously imposed, does not exceed ten years. *Ward v. State*, 2016 Ark. 8, 479 S.W.3d 9. In this case, the first sentencing order imposed 120 days in jail; Thus, upon revocation, appellant's sentence, when combined with his previous sentence imposed of 120 days' imprisonment, could not exceed ten years. Yet, appellant was sentenced to 72 months' imprisonment and an additional 48 months' SIS (a total of ten years) not accounting for his previous imposed sentence of 120 days' imprisonment. Accordingly, I recommend that we remand for resentencing. *See Stanley v. State*, 2022 Ark. App. 298, at 2-3.

Affirmed; remanded to correct sentencing order.

WOOD and HIXSON, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.